DOMENGEAUX, Chief Judge.
Sylvester and Shirley Ann Snowden filed suit individually and on behalf of their minor child, Kendrick Ray Snowden, for damages resulting from medical malpractice committed at the time of Kendrick’s delivery and birth. Named as defendants were Huey P. Long Memorial Hospital and the State of Louisiana, through the Department of Health and Human Resources. Prior to trial, a settlement agreement was reached whereby the State agreed to pay the Snowdens $500,000.00 with legal interest, plus all future medical expenses incurred by Kendrick. The Snowdens agreed to dismiss their lawsuit.
Pursuant to the settlement agreement, the State prepared a “petition for approval of settlement” in which only the State appeared as petitioner or mover, but which was signed by the Snowdens’ attorney as well as the State’s attorney. The petition outlined the terms of the settlement, using essentially the same language we have used in the foregoing paragraph. A judgment approving the settlement was signed by the trial judge and the Snowdens' suit was dismissed after payment by the State.
Two years later, Gloria lies and Margaret Deal, on behalf of Kendrick Snowden, *289 filed in the previously dismissed suit, a “motion to rescind, annul, and reinstate.” lies and Deal are aunts of Kendrick Snow-den and had been appointed his provisional tutrix and undertutrix in a separate tutorship proceeding with the consent of Sylvester and Shirley Ann Snowden. lies and Deal sought to annul the settlement between the Snowdens and the State because it did not comply with the requirements of the Code of Civil Procedure for the settlement of a minor’s claim.
The State filed exceptions which were referred to the merits of the motion and sought to have the trial judge recused as a material witness to the events surrounding the judicial approval of the settlement. The trial judge was recused and another judge on the same court was assigned to the case. An evidentiary hearing was held, after which the motion to annul was granted and the Snowdens’ lawsuit was reinstated. The State appealed and we affirm the trial court’s ruling.
La.C.C.P. art. 2002(1) provides for the annulment of a final judgment if it is rendered “against an incompetent person not represented by law.” The pertinent question before us is whether Kendrick Snow-den, a minor, was properly represented in the settlement and compromise proceedings which culminated in the dismissal of his lawsuit. The trial judge found that Kendrick was not properly represented by his parents as tutors as required by the Code of Civil Procedure.
La.C.C.P. arts. 4501, 4265, and 4271 set forth the procedure required for compromising a minor’s claim:
Article 4501—
... [A] claim of a minor may be compromised, ... in the same manner and by pursuing the same forms as in case of a minor represented by a tutor, the father occupying the place of and having the powers of a tutor.
Whenever the action of an undertutor would be necessary, an undertutor ad hoc shall be appointed by the court, who shall occupy the place of and have the powers of an undertutor.
Article 4265—
With the approval of the court as provided in Article 4271, a tutor may compromise an action or right of action by or against the minor, or extend, renew, or in any manner modify the terms of an obligation owed by or to the minor.
Article 4271—
The tutor shall file a petition setting forth the subject matter to be determined affecting the minor’s interest, with his recommendations and the reasons therefor, and with a written concurrence by the undertutor. If the court approves the recommendations, it shall render a judgment of homolo-gation. The court may require evidence prior to approving the recommendations.
If the undertutor fails to concur in the tutor’s recommendations, the tutor shall proceed by contradictory motion against him. After such hearing and evidence as the court may require, the court shall decide the issues summarily and render judgment.
As the trial judge stated in his reasons for judgment, Kendrick Snowden’s claim was compromised without the appointment or concurrence of an undertutor or under-tutor ad hoc, and there was no court authority for settlement of the minor’s claim. Although a judgment was signed indicating judicial approval of the “petition for approval of settlement,” no court authority was specifically granted to Kendrick’s parents or tutors to compromise his claim. In fact, the parents did not even appear in or sign the petition; only the adverse party petitioned the court for approval — certainly not the party who should be given authority to compromise an incompetent’s claim.
In approving a minor’s settlement, a court must not only grant authority to compromise to the party properly representing the minor,[1] but must also de *290 termine whether the terms of the proposed compromise are in the best interests of the minor.[2] In re Tutorship of Ingraham, 565 So.2d 1012 (La.App. 1st Cir.1990), writ denied, 568 So.2d 1078 (La.1990). The tutor must make specific recommendations to the court which the court must either approve or reject. In considering the tutor’s recommendations, the court may consider evidence. Once the recommendations are approved, the court must render a judgment of homologation. La.C.C.P. art. 4271. In the case before us, none of the requirements of Article 4271 were met; no specific recommendations were made to the trial judge other than the general terms of the settlement; and there is no evidence to suggest the best interests of Kendrick Snowden were considered.
Furthermore, because only a lump sum is mentioned in the settlement documents, the trial judge was unable to consider what amount was offered to settle Kendrick’s claim and what amount was offered to settle his parents’ claim. Accordingly the entire settlement is rendered an absolute nullity. See Ronquillo v. State Farm Insurance Co., 522 So.2d 134 (La.App. 4th Cir.1988).
In opposing Kendrick Snowden’s motion to rescind, annul, and reinstate, the State filed numerous exceptions. Briefly considering those, we note that Gloria lies and Margaret Deal were properly appointed provisional tutrix and undertutrix in a separate proceeding under the authority of La.C.C.P. art. 4070. They brought an action to enforce judicially a minor’s right to annul a judgment rendered against him (La.C.C.P. art. 4073), which action can be asserted collaterally and at any time (La.C. C.P. art. 2002, Note). Their motion was neither vague nor ambiguous, and was properly brought as a summary proceeding. Fritz v. Whitfield, 499 So.2d 962 (La.App. 3d Cir.1986). Finally, the trial judge did not believe Sylvester and Shirley Ann Snowden were indispensable parties without whom a complete adjudication could not be made. At best, the Snowdens may be joint obligees whose presence in the proceedings is not necessary (La.C.C.P. art. 643).
In its defense, the State presented evidence to the effect that the Snowdens’ claims were compromised in an amount which represented the maximum allowed by law, the money was paid in full, and most of the money was used for the ultimate benefit of the child. Such evidence is outside the scope of an action for nullity which must be decided within the confines of La.C.C.P. art. 2002. The trial judge properly declined to consider the State’s evidence.
Similarly, the trial judge did not err in failing to order restitution by the Snow-dens of the money paid by the State pursuant to the settlement agreement. That issue was not properly before the court and can be resolved during the pendency of the reinstated law suit.
The State complains of two eviden-tiary rulings made by the trial court in which we find, upon thorough review, no error. Likewise, we agree with the trial court’s ruling that La.R.S. 40:1299.39 does not preempt or supersede the tutorship provisions of the Code of Civil Procedure.
Finally, in response to the State’s defense of substantial compliance, we adopt and quote herein the pertinent portions of the trial judge’s reasons.
Defendant argues that regardless of its failure to comply with the provisions of the Code of Civil Procedure there was substantial compliance with the law and the Court approved the settlement. Defendant avers that “the Court knew that a minor’s claim was being settled, and the settlement was for the maximum amount of damages and benefits recoverable against the State of Louisiana.” It is the contention of defendant that the appointment and recommendation of an *291 undertutor was “useless and unnecessary,” as there was a fair and reasonable settlement confected and there was again substantial compliance with the law.
* * * * * *
This is a difficult decision in that it involves a technical application of the laws of this State. There is no doubt that the attorney for the parents of the injured minor and the attorney for the State negotiated in complete good faith in an attempt to reach a settlement of this unfortunate event. In accordance with the provisions of R.S. 40:1299.39 it was assumed that the maximum award in this type of case was the sum of $500,000.00. This opinion should in no way be interpreted as a ruling on whether this assumption was correct or incorrect.
This Court is of the opinion that “substantial compliance with the law” is not sufficient. There is a paramount importance attached to our laws dealing with the interest of minors. This factor is revealed in our succession proceedings, in our domestic proceedings, and especially in those proceedings involving the settlement of a minor’s claim for injuries.
It is difficult to believe that this settlement would have been any different had all of the formalities of the law been followed. It is difficult for this Court to rule that a technical flaw in the proceeding is sufficient to nullify a well intentioned compromise between responsible people. However, this Court is compelled to follow the letter of the law and not the spirit of the law in dealing with the claims and property of minors. The courts have traditionally been the guardians of the minor’s interest. This Court cannot relinquish that responsibility even where there has been no evidence of wrong doing on anyone’s part.
In protecting the minor the letter of the law must be followed as well as the spirit of the law.
For the foregoing reasons, the judgment of the trial court is affirmed, and costs are assessed to the State, to the extent allowed by law.
AFFIRMED.

. In undertaking the official duties of a natural tutor, a parent must comply with the obligations and responsibilities articulated in Title VI of the *290 Code of Civil Procedure, and any other pertinent provisions.

. La.C.C.P. art. 4521 provides that a court may order whatever is necessary to insure that funds adjudicated to a minor are "used, administered, and conserved to the benefit of the minor.”