637 So.2d 1302 (1994)
SUCCESSION OF Phyllis Slavich HELLMERS.
Donald J. HELLMERS, Jr., individually and as tutor for his Minor Children, Mellanie Hellmers, Kevin Hellmers and Brian Hellmers
v.
FIRST NATIONAL BANK OF COMMERCE, the Travelers Insurance Company and The Travelers Indemnity Company,
Donald J. HELLMERS, Jr., et al.,
v.
FIRST NATIONAL BANK OF COMMERCE, et al.
Nos. 93-CA-2386, 93-CA-2387, 93-C-1883 and 93-C-2073.
Court of Appeal of Louisiana, Fourth Circuit.
May 26, 1994.
*1303 Frank M. Buck, Jr., Robert L. Manard, New Orleans, for Donald J. Hellmers, Jr., as tutor for Mellanie Hellmers and Lauren Welch, as tutrix for Kevin Hellmers and Brian Hellmers.
Walter L. Smith, Baton Rouge, and Thomas L. Giraud, Giraud, Cusimano & Verderame, New Orleans, for Charles A. Verderame and Giraud, Cusimano & Verderame.
John C. Combe, Jr., Deborah A. Van Meter, Jones, Walker, Waechter, Poitevent, Carrere, & Denegre, New Orleans, for The Travelers Ins. Co. and The Travelers Indem. Co.
Before KLEES, WARD and MOON, JJ.
*1304 WARD, Judge.
Donald Hellmers as tutor of his minor children filed suit against Mr. Charles Verderame, Travelers Insurance Company, and other defendants. Those suits stem from a prior lawsuit in which Donald Hellmers filed suit against the State of Louisiana and its insurer, Travelers, for the wrongful death of Mrs. Phyllis Slavich Hellmers, his wife and the mother of his minor children. Donald Hellmers retained Mr. Verderame as his attorney to represent him and his minor children, and Mr. Verderame obtained a very satisfactory judgment against the State and Travelers in that suit.
In this lawsuit, Hellmers as tutor contends Verderame committed malpractice by not protecting Hellmers' minor children when Verderame disbursed their funds. He also contends that Travelers did not satisfy the prior suit's judgment in favor of his minor children. Verderame filed an exception of prescription; Travelers filed a motion for summary judgment; and Hellmers filed a cross motion for summary judgment. The trial court sustained Verderame's exception, holding that the malpractice claim against Verderame is time barred by prescription. Traveler's motion for summary judgment claims full satisfaction of the judgment in favor of the minors; Hellmers' motion alleges Travelers has not satisfied the judgment because it has not paid the lawful representative of the minors, a court appointed tutor. The trial court denied both motions without giving reasons for its decisions. Travelers and Hellmers have each applied for supervisory writs of review and Hellmers has appealed.
We issued writs because the trial court rulings on the motions for summary judgment are inconsistent. There is no genuine issue of fact, only issues of law, and the trial court should have rendered summary judgment for either one or the other, Travelers or Hellmers. Because this appeal and the writ applications stem from the same factual situation created by the prior litigation, we have consolidated Hellmers' appeal with the writ applications of Travelers and Hellmers.
In the prior litigation, Verderame filed suit, naming as the plaintiff Hellmers "individually, and for and on behalf of his minor children". Hellmers v. Dept. of Transportation & Development, 503 So.2d 174 (La.App. 4 Cir.1987), writs denied 505 So.2d 1141 and 1149. That lawsuit was tried before the court without a jury, and the trial court rendered a judgment in favor of Donald Hellmers individually for $442,523, and in favor of Donald Hellmers "in his capacity as tutor" for each of his minor children, Mellanie, Brian, and Kevin Hellmers. Travelers' policy provided $1,000,000 liability coverage to the State, and after this court affirmed the trial court judgment, Travelers paid its policy limits plus interest, or $1,456,415.57, in satisfaction of the judgment against it. Payment was made by a Travelers' draft payable to "Donald Hellmers, Jr. individually and on behalf of his minor children, ..."
As it turns out Hellmers, although the natural tutor of his children by law, did not qualify as tutor as required by C.C. art. 248.[1] That is, he did not take the oath of office, nor did he make an inventory of his children's property, nor did he file a mortgage or bondall required by C.C.P. art. 4061. He was not appointed or confirmed as tutor by the district court when Travelers wrote its draft or when Verderame disbursed the children's funds he received from Travelers.
In disbursing those funds Verderame wrote three checks, each one payable to the order of Donald Hellmers, Jr. on behalf of each minor child. They were not drawn to Hellmers as tutor for that child. Hellmers endorsed the checks and deposited them in three accounts in the First National Bank of Commerce. Shortly thereafter Hellmers wrongly used more than $350,000 of their money to make loans to the family business, to pay personal expenses, and to purchase things wholly unrelated to his children's welfare. These loans and withdrawals by Hellmers were made without benefit of tutorship proceedings and without court approval. *1305 The family business is now bankrupt, and Hellmers has apparently squandered his own estate.
Three years later, on July 10, 1990, the district court confirmed Hellmers as natural tutor of his minor children. He has now instituted these suits as tutor to recover the money he wrongly used. The parties in this suit have filed cross claims against each other and third party demands against Hellmers individually, but this appeal and these consolidated writs only relate to Hellmers' claims as tutor against Verderame and Travelers.
As to Verderame, Hellmers alleges Verderame failed to protect the interest of Verderame's clients, Hellmers' minor children, when he did not require Hellmers to qualify as tutor before disbursing money to Hellmers "on behalf of his minor children." If Verderame had done so, Hellmers argues, this would have prevented him from wrongfully using his children's money because he would have had to obtain court approval before he did so.
As to Travelers, Hellmers seeks a summary judgment holding that Travelers has not satisfied the judgment in the prior litigation because Travelers did not write its draft to Hellmers as tutor of his minor children, in conformity with the district court's judgment. Hellmers argues the "Satisfaction of Judgment" he executed for and on behalf of his minor children is null. Although Hellmers seeks damages from Travelers, this motion for summary judgment goes to Travelers' liability to Hellmers as tutor for the prior money judgment in favor of the minors.
We affirm the trial court's ruling sustaining Verderame's peremptory exception of prescription. We also affirm the trial court's ruling denying Traveler's motions for summary judgment. We reverse the trial court's ruling denying Hellmers' motion for summary judgment and render judgment holding Travelers liable to Hellmers as court appointed tutor of his children.[2]
Hellmers' claim against Verderame was not timely filed and it is barred by prescription. R.S. 9:5605 bars lawsuits for legal malpractice not filed within one year from discovery of the alleged act or omission, or within three years after the malpractice, no matter when it was discovered.
Hellmers was confirmed as tutor of his minor children on July 10, 1990. Hellmers as tutor sued Travelers March 26, 1992, and later in August, 1992, he amended his suit to include Verderame as a defendant.
Hellmers' argues he timely filed suit because it was filed within one year after acquiring knowledge of the malpractice. Hellmers contends that when Verderame disbursed the funds, he did not know that the law required that he must be confirmed as tutor before he could act for his children, and that he must have court approval to do so.[3] He says he did not learn of this until he was appointed tutor July 10, 1990. Even so, Hellmers did not file suit until August 31, 1992, more than one year after discovery, thus his suit against Verderame is barred.
R.S. 9:5605 was amended in 1990 to provide that prescription bars claims for malpractice unless the claim is filed within one year from the date of discovery of the malpractice but not later than three years from the alleged act or omission that constitutes malpractice. The 1992 amendments made R.S. 9:5605 retroactive to all acts or omissions. Graham v. Conque, 626 So.2d 870 (La. 3 Cir.1993). When Hellmers finally qualified as tutor on July 10, 1990, he knew he should not have made loans with his children's money or used it as his own, and assuming his allegations of malpractice are true, he also knew that he had a cause of *1306 action against Verderame at that time.[4] Therefore prescription commenced no later than July 10, 1990, when he was appointed tutor, and his suit which was filed in August, 1992 was untimely.
Hellmers also contends that the malpractice could not be known until he knew that the loans he made to his family business were worthless, that is, when the family business went bankrupt in December, 1991. Thus, he claims his suit filed August 31, 1992 is not time barred. R.S. 9:5605 was amended to make clear that prescription runs from the act or omission, not from the injuries, and we reject Hellmers' efforts to avoid the amendment's effects by claiming he did not have knowledge until the injuries occurred through the bankruptcy. Moreover, this argument overlooks the risky nature of the loans at their inception, and his use of his children's money. The minors sustained injuries when the questionable loans were made; but if not then, they sustained injuries when Hellmers used their money as his own, and this occurred in 1987. Therefore, Hellmers' claims against Verderame have prescribed, unless his next argument has merit.
Hellmers' argues that Section B of R.S. 9:5605 "revived" claims otherwise barred by prescription of one year and peremption of three years. He contends that part of Section B emphasized below breathes life into otherwise dead lawsuits by giving a grace period available to all claims for malpractice that occurred before September 7, 1990.
B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission, or neglect occurring prior to September 7, 1990, actions must, in all events, be filed in a court of competent jurisdiction or venue on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or neglect. The one-year and three-year periods of limitation provided in Subsection A of this section are preemptive periods with the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
We disagree. R.S. 9:5605 was enacted and later amended with the intention of reducing the time limitations for filing claims for malpractice, and R.S. 9:5605 Section B was amended in 1992 to clarify the legislative intent to make both prescription and peremption apply retroactively no matter when it was discovered. At the same time the legislature added the part emphasized above to exempt from the three year preemptive period those claims for malpractice that occurred before the effective date of the amendment, September 7, 1990. Without this exemption the amendment when enacted would immediately and retroactively bar suits by those ignorant of malpractice if that malpractice occurred more than three years before September 7, 1990. The exemption above relates to the three year preemptive period, not to the one year prescription period. The legislature did not intend to extend prescription beyond one year from the date a victim acquired knowledge of malpractice. Thus, Hellmers is not within the class of persons protected by that exemption.
Although Hellmers has argued that contra non valentem is applicable to defeat prescription, this was not pressed in argument and we find it has no merit. We have previously decided that Hellmers had at least the requisite knowledge to begin the running of prescription on the date he was confirmed tutor, more than one year before filing suit. Hellmers could have instituted suit at anytime afterward, and contra non valentem is not applicable. For these reasons we affirm the trial court's ruling that Hellmers' suit against Verderame is barred.
Turning to the trial court's rulings denying summary judgment, we affirm the ruling denying Travelers summary judgment, we reverse the ruling denying Hellmers summary *1307 judgment because Travelers' payment to him "individually and on behalf of his minor children, Mellanie, Kevin and Brian Hellmers ..." did not discharge Travelers' debt to Hellmers' children. We render summary judgment holding that Travelers has not satisfied the prior judgment against it for the following reason:
First, Louisiana statutes and jurisprudence have always placed protection of the minor's interest among the highest of priorities. In Cacibauda v. Gaiennie, 305 So.2d 572 (La.App. 4 Cir.1974), this Court noted:
The spirit of this [C.C.P. art. 4061] and other laws governing the rights of minors have for their purpose the conservation of the minor's estate and the establishment of a form of security from which he can be reimbursed if his assets have been dissipated before he attains majority.
When third parties are dealing with representatives of minor children they must use reasonable diligence to ascertain whether that person has authority to act for the minor. As an example, they may even have to inquire as to the scope of a tutor's authority. Bordelon v. Capers, 189 So. 615 (La. 4 Cir. 1939). Travelers did not exercise reasonable diligence in this case. When suit was not filed by Hellmers as tutor, Travelers should have inquired as to Hellmers' representative capacity to file suit.[5]
Secondly, Travelers did not adhere to the terms of the judgment of the court in the prior litigation. Although Hellmers wrongly filed suit "for and on behalf of his minor children"[6] the trial court correctly rendered judgments in favor of Hellmers in his capacity as tutor:
[Let there be] judgment herein in favor of the plaintiff, Donald Hellmers, in his capacity as tutor of his minor child Mellanie Hellmers, [and] in favor of the plaintiff Donald Hellmers, in his capacity as tutor of his minor child Brian Hellmers, [and] in favor of the plaintiff, Donald Hellmers, in his capacity as tutor of his minor child Kevin Hellmers, and against defendants, Louisiana Department of Transportation & Development (DOTD) and Travelers Indemnity Company (Travelers), ... (Emphasis added).
C.C.P. art. 4521 permits the trial court to include in the judgment such orders as the court deems necessary to insure that the funds adjudicated to the minor are used for the benefit of the minor. While it is not clear whether the trial court meant the above as a restriction in accord with art. 4521, it was a restriction at least insofar as it required payment to Hellmers only in his capacity as tutor.
Travelers, tracking the words of the petition filed by Verderame, issued its check payable to the order of:
Donald J. Hellmers, Jr., individually and on behalf of his minor children, Mellanie, Kevin and Brian Hellmers, and their attorney, Charles A. Verderame, 610 Poydras Street, Suite 201, New Orleans, Louisiana, 70130.
Travelers did not follow the terms of the trial court's judgment, and we conclude that Travelers did not satisfy the judgment by making payment to Donald Hellmers, Jr.
Finally, and most importantly, Hellmers did not have authority under the law to act for his minor children, and payment to him when he did not have authority to accept it cannot be deemed satisfaction of a judgment in favor of minor children.
Travelers relies upon C.C. art. 235 for the proposition that Hellmers was authorized to receive payment. C.C. art. 235 says:
Fathers and mothers owe protection to their children, and of course they may, as long as their children are under their authority, appear for them in court in every kind of civil suit, in which they may be interested, and they may likewise accept any donation made to them.
*1308 C.C. art. 235 places legal obligations on parents; and permits parents to appear in court for their children. Nevertheless, art. 235 must be read in conjunction with C.C. art. 248 and C.C.P. art. 4061, and other codal provisions, which require a natural tutor who is either a widow or widower to seek court appointment as tutor, and then as tutor to take an oath, file an inventory, and file a bond or execute a general mortgage in favor of the minor before he or she acts for the minor.[7] And when a tutor proposes to act on behalf of a minor, then C.C.P. art. 4271 requires court approval except in rare instances.[8] See Deville v. The Federal Savings Bank of Evangeline Parish, 635 So.2d 195 (La.1994). Therefore even if Hellmers was appointed tutor Court approval was required before Hellmers could act for the minors to sign the satisfaction of judgment.
Most relevant, however, is C.C.P. art. 4272.[9] It requires a tutor to obtain court approval before the tutor even receives money on behalf of a minor. The "Official Revision Comment" to that article directly relates to the facts herein:
This article [requiring court approval before a tutor receives a minor's money] provides a method of preventing the tutor from receiving the minor's funds and never investing same or accounting therefore.
At the time Hellmers and Verderame received Travelers' draft, Hellmers was not appointed tutor, and consequently was not authorized by a court to receive Travelers' payment to the minors. Court approval was necessary, and Travelers' payment to Hellmers was the same as payment to any other unauthorized person, even though Hellmers was a natural tutor as contemplated by C.C. articles 248 and 250. See Snowden v. Huey P. Long Memorial Hospital, 581 So.2d 287 (La.App. 3 Cir.1991) Thus Travelers' payment did not satisfy the judgment in favor of the minors because he was not confirmed as tutor and he did not have court approval to received their money. Deville v. The Federal Savings Bank of Evangeline Parish, supra.
Travelers, relying on Cacibauda, supra, also argues that even if payment was erroneously made to Hellmers before he was authorized to receive it, Hellmers ratified payment after the district court confirmed him as tutor. Hellmers denies any intent to ratify, but even so, under our interpretation of the laws of tutorship, ratification by Hellmers after he was appointed tutor would require court approval, an unlikely event since it is obviously not in the best interest of the minors. C.C.P. art. 4262, 4265, and others. Minors rights may not be relinquished without approval of the court. Daigle v. Clemco, 593 So.2d 1282, (La. 3 Cir.1991), writ granted, 597 So.2d 1017 (La.1992), judgment affirmed, 613 So.2d 619 (La.1993).
For these reasons we affirm the trial judgment sustaining Verderame's exception of prescription, and we affirm the trial court's ruling which denied Travelers' motion for summary judgment. We reverse the trial court's ruling denying Hellmers' motion for summary judgment, and we render summary judgment in favor of Hellmers, declaring the satisfaction of judgment he executed for and on behalf of his minor children to be null.
Travelers in brief has argued that Hellmers used some of the funds for the benefit of his minor children. The record shows one obvious use, payment of their attorneys fees. To the extent that funds received from Travelers have been used by Hellmers for the benefit of his children, we *1309 deem this amount a partial payment by Travelers of the judgment against it. Equity demands that Travelers receive credit for those funds used for their benefit.
We therefore remand to the trial court for a determination of Travelers liability to the minors, and for further proceedings in this case. Cost of this appeal will be assessed equally to Hellmers as tutor and to Travelers.
APPEAL AFFIRMED; WRIT DENIED, WRIT GRANTED, AND JUDGMENT RENDERED.
NOTES
[1] C.C. art. 248 says tutorship by nature takes place of right, but the natural tutor must qualify for the office as provided by law.
[2] Hellmers has remarried, and since institution of this lawsuit, his second wife who is an attorney has replaced him as tutor.
[3] Verderame testified in a deposition that when he met with Hellmers to disburse the Travelers funds, he went to great lengths to inform him that the law required Hellmers to qualify as the children's tutor. Verderame said he also told Hellmers that court approval was required in most situations when dealing with a minor's estate. Verderame explained he did not open the tutorship proceedings because Hellmers told him he had decided to use his father's attorney to do this.
[4] R.S. 9:5605(D) applies prescription to minors, but does not say whether this would apply when they are not represented by a tutor. Fortunately, we do not have to decide the issue here, because even if prescription did not commence until Hellmers was appointed tutor, the claims are time barred by one year prescription.
[5] Travelers did not file an exception of no right of action, saying it relied on Verderame's representation that a court had appointed Hellmers as tutor. Verderame denies any misrepresentation.
[6] Cacibauda v. Gaiennie, supra, found ratification by a court appointed tutrix of her prior unauthorized filing of a suit, holding that she could not represent her minor child by filing suit for the death of her husband until she was appointed tutrix.
[7] C.C. art. 235 apparently gives married parents who are living the right to appear in court for their minor children without tutorship proceedings.
[8] C.C.P. art. 4271:

The tutor shall file a petition setting forth the subject matter to be determined affecting the minor's interest, with his recommendations and the reasons therefore, and with a written concurrence by the undertutor. If the court approves the recommendations, it shall render a judgment of homologation. The court may require evidence prior to approving the recommendations...
[9] Article 4272(A):

In approving any proposal by which money will be paid to the minor, the court may order that the money be paid directly into the registry of the court for the minor's account, to be withdrawn only upon approval of the court and to be invested directly in an investment approved by the court.