653 So.2d 36 (1995)
Albert VAUGHN dba Vaughn & Associates
v.
Madeleine SLAUGHTER.
No. 94 CA 0552.
Court of Appeal of Louisiana, First Circuit.
March 3, 1995.
Writ Denied May 5, 1995.
*37 William M. Magee, Covington, and Steven A. Yazbeck, Mandeville, for plaintiff-appellant Albert Vaughn dba Vaughn & Assoc.
Wm. H. Slaughter, III, New Orleans, for defendant-appellee Madeleine Slaughter.
Before FOIL, WHIPPLE and KUHN, JJ.
KUHN, Judge.
This appeal challenges the action of the trial court in sustaining the defendant's peremptory exception of prescription and/or peremption based upon a determination that the plaintiff's legal malpractice claim is delictual in nature. We affirm.

FACTS
In April of 1988, plaintiff-appellant, Albert Vaughn d/b/a Vaughn and Associates ("Vaughn") retained the legal services of attorney Madeleine Slaughter ("Slaughter") to incorporate his business and to attend to incidental matters arising from the incorporation. The plaintiff specifically elected Subchapter S corporation[1] status ("S-corporation") and in connection with that election the defendant was to prepare the necessary paperwork for the United States Internal Revenue Service ("I.R.S.").
At a conference with Slaughter, the plaintiff signed the documentation prepared for incorporation, S-corporation status and other related matters. Slaughter advised Vaughn that after a federal I.D. number was designated, the form evidencing the election of S-corporation status would be mailed to the I.R.S. Slaughter was subsequently paid for the services she had rendered. On September 15, 1989, the plaintiff was notified by the I.R.S. that because of a failure to file the requisite documentation for S-corporation status, the tax returns for the business were being reformed to a regular corporation status.
The plaintiff immediately contacted the defendant and was advised that the S-corporation documentation was never mailed to the I.R.S. The defendant wrote three letters to the I.R.S. dated October 6, 1989, January 23, 1990 and March 9, 1990 in unsuccessful attempts to remedy the oversight. The plaintiff was required to submit corporate returns and incurred additional tax liability as a result.
On July 17, 1992, Vaughn filed a petition for damages for malpractice. Slaughter *38 raised a peremptory exception asserting that the plaintiff's petition was untimely. The trial court sustained the defendant's exception and dismissed the plaintiff's lawsuit. In oral reasons, the trial court concluded that the claim was one "styled in tort" and that it should have been filed by April 1991. A judgment sustaining the defendant's exception was signed on November 12, 1993.[2] From this judgment, the plaintiff appeals.

DISCUSSION
Vaughn contends that the trial court erred in ruling that his cause of action was in tort rather than in contract because his petition was "styled more as a tort." Vaughn asserts that the basis for the trial court's determination was founded on the faulty legal conclusion that the plaintiff's pleading, as captioned, sounded in tort.
Article 865 of the Louisiana Code of Civil Procedure states that "[e]very pleading shall be so construed as to do substantial justice." We agree with the plaintiff's assertion that under the jurisprudence interpreting this statute, the nature of a pleading is to be determined by its substance and not its caption. Doe v. Our Lady of the Lake Hosp., 633 So.2d 237 (La.App. 1st Cir.1993), writ denied, 93-3181 (La. 2/11/94), 634 So.2d 834. However, the basis for the trial court determination did not rest solely on the caption of the plaintiff's pleading.
The plaintiff maintains that the trial court erred in granting defendant's peremptory exception based upon a one-year prescriptive period when the case was governed by the ten-year prescriptive period for contractual actions. In the alternative, the plaintiff asserts that should his malpractice claim be found to rest in tort, the trial court erred in holding that it had prescribed since the lawsuit was filed within the period allowed by statute.
At the time Vaughn and Slaughter entered into an attorney-client relationship in April 1988, legal malpractice actions were generally subject to a one-year prescriptive period under La.C.C. art. 3492. The ten-year prescriptive period for breach of contract under La.C.C. art. 3499 was jurisprudentially recognized in those instances where an attorney expressly warranted a particular result or agreed to perform specific work and did nothing whatsoever. Succession of Smith v. Kavanaugh, Pierson and Talley, 565 So.2d 990 (La.App. 1st Cir.), writ denied, 567 So.2d 1125 (La.1990). See also Rayne State Bank & Trust Company v. National Union Fire Insurance Company, 483 So.2d 987 (La.1986), and Cherokee Restaurant, Inc. v. Pierson, 428 So.2d 995 (La.App. 1st Cir.), writ denied, 431 So.2d 773 (La.1983).
We find ample support in the record for the trial court's conclusion that this legal malpractice action was delictual in nature. Vaughn's argument that Slaughter was paid seventy-five dollars specifically for the purpose of mailing rather than preparing the necessary Subchapter S documents is strained. An examination of Plaintiff's Exhibit # 1 "Statement of Legal Services Rendered" dated March 30, 1988, describes the service of "Tax document preparationSS4, I.R.S. form 2553 for Sub-S" as having been rendered for "$75.00." Furthermore, the plaintiff's witness testified that Slaughter performed part of the work that she was retained to do and that no specific result had been warranted by the defendant.
In 1990, the legislature enacted La.R.S. 9:5605 which set forth a specific statutory provision governing prescription for all causes of action in legal malpractice.[3] A *39 legislative amendment of R.S. 9:5605 became effective on August 21, 1992, shortly after the plaintiff filed this lawsuit. The amended section subsequently provided, in pertinent part:
A. No action for damages against any attorney at law duly admitted to practice in this state, ... whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission, or neglect occurring prior to September 7, 1990, actions must, in all events, be filed in a court of competent jurisdiction and proper venue on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or neglect. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
The 1992 amendments made La.R.S. 9:5605 retroactive to all acts or omissions in claims for legal malpractice. Graham v. Conque, 626 So.2d 870 (La.App. 3rd Cir. 1993), writ denied, 93-3169 (La. 2/11/94), 634 So.2d 383. The plaintiff urges that under the plain language of the amended statute, his claim has not prescribed. In essence, his contention is that after the effective date of the amendment the plaintiff had until September 7, 1993, to file his lawsuit regardless of whether his claim rests in tort or in breach of contract.
We disagree. In 1992, R.S. 9:5605 was amended to clarify the legislative intent to make both the prescriptive and peremptive periods imposed by the statute apply retroactively no matter when the alleged act, omission, or neglect was discovered. In an attempt to avoid the barring of lawsuits belonging to claimants ignorant of the malpractice where that malpractice occurred more than three years before September 7, 1990, the legislature allowed for an exemption from the three year peremptive period. Therefore, the grace period provided for in Section B relates to the three year peremptive period in Section A. It was not intended to extend prescription beyond one year from the date plaintiff acquired knowledge of the act, omission, or neglect which gave rise to the malpractice claim. Succession of Hellmers, 93-2386, 93-2387, 93-1883, and 93-2073 (La.App. 4 Cir. 5/26/94), 637 So.2d 1302.
The record reveals that the parties stipulated to the date of the alleged act, omission, or neglect as occurring by June 3, 1988. Therefore, under the peremptive period in this statute, the plaintiff would have had until June 3, 1991 to file his lawsuit. However, having been apprised by the I.R.S. on September 15, 1989 that the requisite S-corporation documentation had not been filed, the plaintiff discovered facts giving rise to his claim in malpractice prior to the accrual of the peremptive period. Therefore, under Section A of this statute the plaintiff had until September 15, 1990 to file a lawsuit. Vaughn is not a member of the class of persons to whom the exemption applies.
Neither are we persuaded that the plaintiff's lawsuit was timely filed under La. R.S. 9:5605 because the extent of damages was not known until January, 1993. Prescription commences to run when a claimant knew or should have known of the existence of facts that would have enabled him to state a cause of action for legal malpractice. Olivier v. Poirier, 563 So.2d 1227 (La.App. 1st Cir.), writ. denied, 568 So.2d 1054 (La.1990). See also Citizens Nat. Bank v. Gilsbar, Inc., 581 So.2d 719 (La.App. 1st Cir.1991), and Red River Valley Bank v. Home Ins. Co., 607 *40 So.2d 892 (La.App. 2nd Cir.1992). The plaintiff knew that the requisite documentation was missing from the I.R.S. file on September 15, 1989 and, therefore, had knowledge of the existence of the facts underlying his malpractice claim as of that date. Accordingly, the trial court correctly found that the plaintiff's lawsuit, filed more than a year after this date, was prescribed.
The final contention raised by the plaintiff is that under the "continuous representation rule," prescription does not run when an attorney induces his client to delay the filing of a malpractice suit. The trial court found that as of April, 1990 the plaintiff was aware that the defendant had not filed the S-corporation form and that any assurances made by her were renounced. We find no error with this conclusion. Therefore, the latest date that an attorney-client relationship could have existed between the parties was April, 1990. Applying the "continuous representation rule" and La.R.S. 9:5605 to this factual finding, the plaintiff's malpractice action was prescribed no later than April, 1991.

CONCLUSION
For the above reasons, the judgment of the trial court dismissing the plaintiff's lawsuit is affirmed. Costs of this appeal are assessed against the plaintiff.
AFFIRMED.
NOTES
[1] 26 U.S.C.A. 1362
[2] The judgment rendered by the trial court sustained the defendant's exception of prescription only. The court did not rule on the defendant's exception of peremption.
[3] As originally enacted in 1990, La.R.S. 9:5605 provided, in pertinent part:

A. No action for damages against any attorney at law duly admitted to practice in this state, ... whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.