661 So.2d 540 (1995)
Harold Gene MORGAN and Bonnie Jane Morgan, Plaintiffs-Appellants,
v.
CAMPBELL, CAMPBELL & JOHNSON, Defendant-Appellee.
No. 27,390-CA.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1995.
Booth, Lockard, Politz, LeSage, & D'Anna by Nyle A. Politz, Shreveport, for appellant.
Campbell, Campbell & Johnson by J. Schuyler Marvin, Minden, for appellee.
Before SEXTON, NORRIS and STEWART, JJ.
STEWART, Judge.
This appeal challenges the trial court's decision that the plaintiff's cause of action in a legal malpractice suit has prescribed and is perempted pursuant to the provisions of LSA-R.S. 9:5605. We reverse and remand for further proceedings.

Facts
The appellants, Harold and Bonnie Morgan, agreed to lend $370,000 to Henry and Peggy Lacobee in 1983. The Morgans hired Cecil P. Campbell of Campbell, Campbell & Johnson ("the law firm") to protect the Morgans' security interest in both movables and immovables belonging to the Lacobees. In furtherance of this, Campbell executed a *541 "Mortgage Act with Homestead Waiver," which was executed on August 25, 1993.
In 1986, the Lacobees filed for bankruptcy. The Morgans attempted to prove a claim in the proceedings; however, the bankruptcy judge found that there was no valid security device regarding movable property. Although the law firm filed the mortgage in the mortgage records of Webster Parish on August 29, 1983, the firm did not file it in the Webster Parish chattel mortgage records. As a result, the Morgans were deemed unsecured creditors and received $54,000 of a $150,000 claim. The Morgans', therefore, learned of the alleged error upon which they base their claim on September 8, 1986, when the bankruptcy judge first discovered the error.
On August 17, 1987, the Morgans sued the law firm, alleging legal malpractice in connection with the allegedly negligent acts of the firm in failing to properly file the mortgage papers. In 1991, the law firm filed a peremptory exception of prescription. Neither party disputes that the earliest date the Morgans would have known of the recordation problem was on September 8, 1986.
The trial court applied LSA-R.S. 9:5605, which had been enacted in 1990 and amended in 1992, to the case at bar. The trial court interpreted the 1992 amendment as expressly providing that the statute is peremptive in nature and remedial, thereby time-barring the Morgans' claim because suit was filed more than three years after the alleged recordation error. It is from this ruling that the Morgans appeal.

Discussion
The issue on appeal is whether LSA-R.S. 9:5605 negates the Morgans' right over a cause upon which they had already filed suit when the statute and its subsequent amendment went into effect. When the Morgans filed suit, the applicable law of prescription for legal malpractice claims was found at LSA-C.C. Art. 3492, which provides for a one-year period within which to file delictual actions from the date of the incident causing damage or from the date of learning of the damage. The parties agree that the relevant dates are as follows: (1) the alleged negligent act happened on August 29, 1983, (2) the Morgans learned of the alleged negligent act was on September 8, 1986, and (3) the Morgans filed suit against the law firm on August 17, 1987. Thus, the suit was timely filed pursuant to then-applicable law. However, the language of LSA-R.S. 9:5605, which the trial court applied herein, can be construed in a manner which effectively writes the Morgans out of court.
LSA-R.S. 9:5605, as amended by 1992 Acts 611, Sec. 1, (effective August 21, 1992), provides in pertinent part:
Sec. 5605. Actions for legal malpractice
A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such action shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission or neglect occurring prior to September 7, 1990, actions must, in all events, be filed in a court of competent jurisdiction and proper venue on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or neglect. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article *542 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
The initial question, which can be summarily disposed of, is whether the statute applies retroactively. The golden rule of analyzing statutory construction is to consider legislative intent. The 1992 amendment to the statute (Section B, above, and Section C) clarifies legislative intent and expressly states that the prescriptive and peremptive periods imposed by the statute apply retroactively. See also Vaughn v. Slaughter, 94-0552, (La.App. 1 Cir. 03/03/95), 653 So.2d 36; Succession of Hellmers, 93-2386, 93-2387, 93-1883, and 93-2073, (La.App. 4 Cir. 05/26/94), 637 So.2d 1302. Thus, we shall apply LSA-R.S. 9:5605 retroactively.
The next question before us is whether a retroactive application applies to the Morgans. The law firm urges, and the trial court held, that under the plain language of the amended statute, the retroactive application of the statute bars the Morgans' suit as untimely. The Morgans posit that they obtained a vested right in their cause of action when they filed what was then considered a timely petition in a court of competent jurisdiction and venue. We agree with the Morgans that once their cause of action accrued, that cause of action became a vested property right. Cf. Cole v. Celotex Corp., 599 So.2d 1058 (La.1992). Thus, the question becomes whether the legislature intended to divest certain plaintiffs of their right in a cause of action, and if so, whether the legislature can legitimately cause such a result.
A careful reading of the 1992 amendment shows that the legislature had no intention of abrogating vested rights. In an attempt to avoid the barring of lawsuits belonging to claimants ignorant of the malpractice where that malpractice occurred more than three years before September 7, 1990, the legislature allowed for an exemption from the three year peremptive period. Vaughn v. Slaughter, supra. Therefore, the legislature provided a "window of opportunity," giving the prospective claimant until September 7, 1993 to file suit. As stated in Succession of Hellmers, supra,
... R.S. 9:5605 Section B was amended in 1992 to clarify the legislative intent to make both prescription and peremption apply retroactively no matter when it was discovered. At the same time the legislature added [a provision] to exempt from the three year preemptive period those claims for malpractice that occurred before the effective date of the amendment, September 7, 1990.... The exemption ... relates to the three year peremptive period, not to the one year prescription period. The legislature did not intend to extend prescription beyond one year from the date a victim acquired knowledge of malpractice. (Emphasis added).
Thus, because the Morgans filed suit within one year of discovering the alleged act, omission, or neglect, and because that discovery was made prior to September 7, 1990, and because the Morgans filed suit before the September 7, 1993 deadline, they filed a timely claim pursuant to the exemption provided by Section B of the 1992 amendment.
For the foregoing reasons, we hold that the Morgans filed suit within the time delays provided by the exemption from peremption found at LSA-R.S. 9:5605(B). The ruling of the trial court is reversed and the case is remanded to the district court for further proceedings consistent with the judgment of this court. Costs of the appeal are to be borne by the law firm.
REVERSED AND REMANDED.