| THIBODEAUX, Judge.
Brenda Sanders filed a legal malpractice lawsuit against Brent Gore after discovering, among other legal errors, that Mr. Gore failed to file Ms. Sanders release from a voidable judgment in the mortgage and conveyance records and failed to |2cancel a judicial mortgage encumbering her property. Mr. Gore filed an exception of prescription. The trial court sustained Mr. Gore’s exception of prescription reasoning that Ms. Sanders was aware of the existence of the judgment for at least one year before she filed her lawsuit. Ms. Sanders appeals this judgment asserting that knowledge of the existence of a judgment is not the same as knowledge of the recordation of a judgment which creates a judicial mortgage nor is it *2 equivalent to knowledge of Mr. Gore’s omissions in the process of obtaining a release from the judgment.
We reverse the judgment of the trial court. The lawsuit was timely filed within a year of Ms. Sanders’ discovery of the attorney’s neglect and within three years of the alleged negligent conduct.
I.

ISSUE

The sole issue presented on appeal is whether the trial court erred in granting Mr. Gore’s exception of prescription.
II.

FACTS

Mr. Gore represented Ms. Sanders in a lawsuit in which her husband was named as a defendant. A judgment was issued against Ms. Sanders, her husband, and two other parties in that case in August 1991, although Ms. Sanders had not been named as a defendant. Ms. Sanders executed a check dated October 28,1993 to obtain a release from the judgment filed against her. Mr. Gore submitted the check and a motion to dismiss Ms. Sanders from the lawsuit to the plaintiffs attorney. On | -¡December 16, 1993, Ms. Sanders was dismissed from the lawsuit in which a judgment had been improperly obtained against her.
In October or November 1995, Ms. Sanders learned that the judgment filed against her could have been annulled. She also discovered that her release from the lawsuit was not filed in the mortgage records because her loan application using her home as a security was denied. The bank informed her that there was a judicial mortgage on her property. She filed a petition for damages against Mr. Gore in July 1995. In December 1995, she filed an amending and supplemental petition for damages, asserting the claim which is the subject of this appeal.
The trial court sustained Mr. Gore’s exception of prescription. The court found that Ms. Sanders was aware that a judgment had been rendered against her. It also found that, as a businesswoman, she should have known that a judgment acts as a judicial mortgage against all of her property. The trial court suggested that Ms. Sanders became aware of Mr. Gore’s act of malpractice on October 28, 1993 when she wrote the check for $2,400.00 as consideration for her release from the lawsuit. Since she was aware of the judgment in 1993, the trial court found that the matter prescribed by the time she filed her claim in 1995.
III.

LAW & DISCUSSION

Ms. Sanders argues that prescription has not run on her claim of legal malpractice against Mr. Gore because the claim was filed within one year of the date in which she discovered his errors. An action for damages concerning legal malpractice must be filed
[Wjithin one year from the date of the alleged act, omission, or neglect, or within one year from the date of the alleged act, omission, or neglect is discovered or should have been |4discovered; however, even as to actions filed within one year from the date of discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
La.R.S. 9:5605(A). Ms. Sanders states that two separate errors were allegedly committed by Mr. Gore which state a cause of action in legal malpractice. The first is that Mr. Gore failed to have the judgment annulled on “various grounds.” The other is that Mr. Gore failed to file Ms. Sanders’ dismissal from the lawsuit in the mortgage records.
Ms. Sanders filed a legal malpractice claim in 1995 regarding Mr. Gore’s failure to cancel the 1991 judgment in 1993. Since Ms. Sanders filed the legal malpractice claim more than one year after the alleged malpractice occurred, the question becomes when she should have discovered this alleged act of legal malpractice. La.R.S. 9:5605(A). Prescription begins to run when a claimant knew or should have known of facts which could state a cause of action in legal malpractice. Bustamente v. Vezina, 95-556 (La.App. 5 Cir. 1/30/96); 668 So.2d 1286. Ms. Sanders *3 knew that the judgment existed in October 1998 because she wrote a check for the purpose of being released from the effects of that judgment. There is nothing in the record which suggests why or how she should have known that the judgment could have been annulled. She is not a lawyer, has no legal training and is not presumed to have this specialized knowledge. Ms. Sanders did not make this discovery until she spoke with another attorney two years later. Prescription began to run in the fall of 1995, when Ms. Sanders was informed by her new attorneys that she should not have been named in the judgment at all.
Ms. Sanders suggests that the prescriptive period for Mr. Gore’s failure to place her dismissal from the lawsuit (which had already been reduced to a judgment) and, presumably, her release from the judgment in the mortgage records |sshould begin to run in October or November 1995 which is when she became aware of Mr. Gore’s error. Mr. Gore argues that since prescription runs from the date of the act or omission and not the date of the injury, the prescriptive period expired in 1994, one year after Ms Sanders’ discovery of the judgment. A breach of professional duty which causes a threat of future harm is not sufficient to create a cause of action in legal malpractice because the client has yet to suffer an appreciable harm. Braud v. New England Ins. Co., 576 So.2d 466 (La.1991). The underlying cause of the malpractice claim is the judgment rendered in August 1991 from which Ms. Sanders was to be released as of December 16,1993. The threat of future harm was the absence of the dismissal in the mortgage records and the cancellation of the judgment against her. Ms. Sanders suffered an appreciable harm in October or November 1995 when she was unable to obtain a loan because of an ineffective release from judgment.
Prescription begins to run when a claimant knew or should have known of facts which substantiate a cause of action in legal malpractice. Vaughn v. Slaughter, 94-0552 (La. App. 1 Cir. 3/3/95), 653 So.2d 36, writ denied 95-0828 (La.5/5/95), 654 So.2d 339. Ms. Sanders knew that a judgment was filed against her in October 1993 when she wrote a check to obtain a release from the judgment. However, she should not be expected to know that her release from the illegally obtained judgment was not filed in the mortgage records once she was “dismissed” from the closed lawsuit in December 1993. Ms. Sanders did not become aware of the failure to file her release from judgment in the mortgage records until October or November 1995. The prescriptive period began to run at that time.
Mr. Gore suggests that we follow the reasoning found in Succession of Hellmers, 93-2386, 93-2387, 93-1883, 93-2073 (La.App. 4 Cir. 5/26/94); 637 So.2d 1302, where the court held that the prescriptive period on a claim begins to run on the date of the act or omission, not on the date of the injury. Hellmers does not apply to this case. Although the claimant in Hellmers knew all of the facts necessary to establish a cause of action in malpractice before any harm occurred, he chose to allow a resulting injury to occur before filing an action in malpractice. Ms. Sanders, however, did not know she had a cause of action against Mr. Gore until she discovered the harm, that is, the fact that her dismissal from the lawsuit and her presumed release from judgment was not included in the mortgage records.
IV.

CONCLUSION

For the foregoing reasons, we reverse the findings of the trial court.
REVERSED.