STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

FRANKLIN FINANCIAL, INC.

VERSUS

LAWRENCE B. SANDOZ III, ET AL.

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 06-C-0926-C
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and James T. Genovese, Judges.

**Cooks, J., concurs in the result only and would find that prescription did not begin to run until November of 2004.**

AFFIRMED.

Elliott W. Atkinson, Jr.
Atkinson & Martin, L.L.C.
11953 Coursey Boulevard
Baton Rouge, LA 70816
(225) 293-7100
Counsel for Plaintiff/Appellant:
 Franklin Financial, Inc.

Nora M. Stelly
Allen & Gooch
P. O. Box 3768
Lafayette, LA 70502-3768
(337) 291-1000
Counsel for Defendant/Appellee:
 Lawrence B. Sandoz III
 Sandoz & Sandoz

**DECUIR, Judge.**

In this legal malpractice suit, the plaintiff, Franklin Financial, Inc., appeals the judgment of the trial court granting the defendant's exception of prescription. For the following reasons, we affirm the judgment rendered in favor of the defendant, Lawrence Sandoz III.

**FACTS**

Sometime prior to October of 2002, Franklin Financial purchased an Orleans Parish judgment which had been rendered against Clarence and Sandra Landry on April 18, 1994. Franklin retained Sandoz in October of 2002 to assist with the collection of the judgment. Sandoz was asked to have the judgment made executory in Jefferson Parish, where the Landrys owned property. In its petition, Franklin stated that it hired Sandoz on an hourly basis to "revive the judgment and ensure proper perfection of the judgment against the real property of the judgment debtors in Jefferson Parish, Louisiana."

On November 15, 2002, Sandoz recorded the judgment as requested, and it was made executory by judicial order dated December 2, 2002. Sandoz informed his client that the judgment would have to be revived by April 18, 2004. In August of 2003, Franklin instructed Sandoz to revive the judgment. Sandoz responded by letter dated August 19, 2003, wherein he stated that the judgment was revived and would be in effect until December 2, 2012. A year later, after receiving information showing that the Landrys had refinanced their home with Ameriquest Mortgage, Franklin contacted Sandoz to inquire how a mortgage could have been issued on property encumbered by Franklin's lien.

In response to a telephone conversation between Sandoz and Franklin's president, Nick Valorie, Franklin sent a letter to Sandoz on August 24, 2004, detailing the conversation and specifying the numerous errors Sandoz had committed in the

course of representing Franklin. Assessing its losses at $70,000.00, Franklin specifically accused Sandoz of failing to revive the original judgment, failing to properly record the Jefferson Parish executory judgment, failing to protect Franklin's interests, and misrepresenting his own previous communications with Franklin. Nevertheless, Sandoz's representation continued, and the parties made an effort to determine whether Ameriquest simply overlooked the Franklin mortgage or whether the correct filings had not taken place and a judicial mortgage never perfected. Letters to this effect were exchanged on September 7, 2004 and again on September 28, 2004. Finally, in a letter dated December 10, 2004 to Sandoz's malpractice insurer, Franklin stated that Sandoz admitted his mistakes in November 2004.

### PROCEEDINGS BELOW

Franklin filed suit against Sandoz on October 24, 2005 in Jefferson Parish. Sandoz responded by asserting a declinatory exception of improper venue which was maintained by the trial court on February 10, 2006. The venue ruling was not appealed, and the suit was then transferred to St. Landry Parish. In his answer, Sandoz raised the peremptory exception of prescription and/or peremption based on the provisions of La.R.S. 9:5605(A), which states in part:

> No action for damages against any attorney . . . arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

The trial court considered the arguments of counsel and ruled in favor of Sandoz for the following reasons:

> Prescription on a legal malpractice claim is one year
> from the date the alleged act, omission or neglect is

2

discovered or should have been discovered. La.R.S. 9:5605. Prescription begins to run at the time a claimant knew or should have known of the existence of facts that enable him or her to state a cause of action for legal malpractice. *Vaughn v. Slaughter*, 94-0552 (La.App. 1 Cir. 3/3/95), 653 So.2d 36 [*writ denied*, 95-828 (La. 5/5/95), 654 So.2d 339].

In the present case, attention was given to the defendant's argument that the suit filed in October 26, 2005 in Jefferson [P]arish was timely. He based this argument that the plaintiff did not have a clear understanding of Sandoz's negligence until November 2004. Plaintiff's attorney refers to the December 10, 2004 letter written to the malpractice insurer as evidence of this. This court finds that the letter dated August 23, 2004, written by Franklin Financial to Lawrence Sandoz sets out the plaintiffs knowledge that several errors of legal representation had occurred. Reviewing the content of this letter, the plaintiff cites clearly that the services he contracted Lawrence Sandoz to provide were not done properly. Therefore, using this date, the plaintiff had until August 23, 2005 to file suit against the defendant in this case. However, the suit in this case alleging legal malpractice was not filed until October 24, 2005 in an improper venue. The suit was not filed in a court of proper venue until February 21, 2006. This far exceeds the one-year period from the above date of the act set forth in the plaintiff's letter.

## ANALYSIS

At issue in this appeal is the date on which Franklin discovered or should have discovered the alleged malpractice committed by Sandoz. Franklin contends that it did not become aware of sufficient facts indicating it may have a cause of action against Sandoz until October or November of 2004. Franklin also suggests that its continuing relationship with Sandoz shows that it did not realize the full extent of his errors until November of 2004. Franklin argues that its suit filed in Jefferson Parish on October 24, 2004 was therefore timely.

The trial court considered the letter of August 24, 2004 to be proof of Franklin's knowledge of the alleged malpractice. Therefore, the date of the letter is

3

the date prescription began to run. After reviewing the evidence in the record before us, we find no error in that conclusion. As of August 24, 2004, Franklin had sufficient information to realize that Sandoz had not protected its interest in the Landry judgment. Franklin then had one year from that date in which to file suit.

Even if we were to agree with Franklin's position that prescription did not begin to run until November of 2004, we would still be compelled to affirm the trial court's ruling on prescription. The Jefferson Parish suit, whether filed timely or not, was not filed in a court of proper venue and therefore cannot interrupt prescription. We will not revisit the validity of the venue ruling, as that judgment was not appealed and is now final.

For the above and foregoing reasons, the judgment before us is affirmed. Costs of this appeal are assessed to the plaintiff, Franklin Financial, Inc.

**AFFIRMED.**