668 So.2d 1286 (1996)
Herman BUSTAMENTE
v.
Nel F. VEZINA, Vezina and Associates, and Jeffery D. Salzer.
No. 95-CA-556.
Court of Appeal of Louisiana, Fifth Circuit.
January 30, 1996.
*1288 Thorne D. Harris, III, New Orleans, for Plaintiff/Appellant.
Nel F. Vezina, Jeffrey D. Salzer, Sean Dawson, Vezina and Associates, Gretna, for Defendants/Appellees.
Before WICKER, GOTHARD and CANNELLA, JJ.
GOTHARD, Judge.
This appeal arises from a legal malpractice action filed by plaintiff on September 6, 1994. In the petition Herman J. Bustamente alleges that he engaged Nel Vezina in 1977 to prosecute a claim in redhibition against John C. Manale[1]. On April 9, 1980 after a successful completion of the redhibition action, judgment was rendered in favor of Mr. Bustamente and against John Manales in the amount of $25,000.00 plus $5,000.00 in attorney's fees. The judgment was incorrectly recorded in Jefferson Parish under the name of "John Manales". On April 30, 1982 Mr. Manale sold his house in Jefferson Parish and realized a profit of approximately $40,000.00. However, because the judgment against him was improperly recorded, the judicial mortgage was not recognized and the judgment was not satisfied. When the judgment was revived on November 25, 1987, the error in spelling was continued. Finally, in 1992 pursuant to garnishment proceedings instituted against Mr. Manale, the spelling error was detected and corrected, resulting in a judgment dated May 27, 1993 against the debtor in the properly spelled name, John C. Manale.
On December 13, 1993 Mr. Manale filed for Chapter 7 Bankruptcy. Mr. Bustamente again retained the defendant law firm to represent his interest in that proceeding. During the pendency of the bankruptcy proceedings defendant, Jeffery Salzer, filed a claim on behalf of Mr. Bustamente and, through discovery, learned that Mr. Manale sold his home in 1982. Although Mr. Salzer filed the proof of claim form, he did not file an opposition to the dischargeability of the Bustamente claim. Subsequently, on May 4, 1994, Mr. Manale was granted a release in bankruptcy from all dischargeable debts, including the one owed to Mr. Bustamente. Although garnishment proceedings over the intervening years provided some payment for Mr. Bustamente on the 1980 judgment, at the time of discharge the balance due on the debt was $35,458.70.
Mr. Bustamente asserts two claims for legal malpractice against defendants: recordation of the judgment in the wrong name, and failure to file an objection to the dischargeability of the Manale debt to Bustamente in the bankruptcy proceeding. Mr. Bustamente also makes a claim in his petition for punitive damages and attorney's fees due to gross negligence by defendants.
Defendants filed a motion for summary judgment or, in the alternative, exceptions of prescription, vagueness and no cause of action. A hearing on the exceptions was conducted on January 30, 1995, after which the trial court took the matter under advisement. Subsequently, judgment was rendered on March 6, 1995 granting the exceptions of prescription and vagueness with no mention of the exception of no cause of action or motion for summary judgment. On March 10, 1995 the trial court rendered a second judgment granting the exception of no cause of action to the claim of punitive damages. Collectively, those judgments effectively dismiss all claims brought by plaintiff. Plaintiff *1289 filed a timely appeal of the March 6th judgment, but did not appeal the March 10th judgment.[2]

PRESCRIPTION
In brief to this Court plaintiff argues his claim is neither prescribed nor preempted because the cause of action did not exist until the debt was discharged in the bankruptcy proceeding. He reasons that before its discharge the judgment obtained against Mr. Manale was valid and enforceable. Thus, the claim for legal malpractice has not prescribed because the cause of action did not arise until the debt was discharged on May 4, 1994. Plaintiff asserts that he did not learn of the sale of immovable property by Mr. Manale in 1982 until the matter came to light in a deposition in the bankruptcy proceeding in 1993. Plaintiff further states that he spoke to Mr. Salzer, who represented him at the time, and asked that a claim for the debt be filed in the bankruptcy proceeding, and also that an opposition to the dischargeability of that debt be filed. Mr. Salzer agreed to file both documents. However, only the proof of claim form was filed, and the debt was discharged.
Defendants counter that the cause of action arose in 1982 when Mr. Manale sold a home and realized a profit which was not used to satisfy the debt because of the improperly filed judgment. They concede that the opposition to the dischargeability of the debt was not filed in the bankruptcy proceeding. However, they contend that plaintiff was informed that the opposition was without merit and should not be filed. They argue that the cause of action for legal malpractice has prescribed pursuant to LSA-R.S. 9:5605.
Before 1990, prescription for legal malpractice claims was governed by the general prescription articles, LSA-C.C. arts. 3492 or 3499, providing for either a one or a ten year prescriptive period depending on whether the claim was made in tort or in contract. In 1990 the legislature enacted LSA-R.S. 9:5605, a specific statutory provision to govern all legal malpractice claims. As amended in 1992, that statute provides as follows:
A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission, or neglect occurring prior to September 7, 1990, actions must, in all events, be filed in a court of competent jurisdiction and proper venue on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or neglect. The one-year and three-year periods of limitation provided in Subsection A of this Section are preemptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
C. Notwithstanding any other law to the contrary, in all actions brought in this state against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional law corporation, company, organization, *1290 association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, the prescriptive and preemptive period shall be governed exclusively by this Section.
D. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
E. The preemptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.
We believe plaintiff states two causes of action which must be addressed separately. The first cause of action concerns the representation of plaintiff in the redhibition suit and the failure to perfect a judicial mortgage and/or lien by the proper recordation of the judgment obtained against Mr. Manale in that suit. On that issue plaintiff argues that discovery of the 1982 sale occurred in 1993 when Mr. Manale acknowledged it in the bankruptcy hearing, and it was at that time that the cause of action arose. He asserts that the statute allows one year from the date the cause of action came into existence, or until September, 1994 to file suit. We disagree.
The mere breach of a professional duty causing minimal or speculative damages or the threat of future harm does not suffice to create a delictual action because until the client suffers appreciable harm, he cannot establish a cause of action. Braud v. New England Ins. Co., 576 So.2d 466, 468 (La. 1991). The act which forms the basis of the malpractice claim occurred in 1980 when the judgment was recorded in the wrong name. Plaintiff herein suffered appreciable harm in 1982 when the improperly recorded judgment was not satisfied upon the sale of the house by Mr. Manale. The cause of action accrued at that time.
However, prescription on a cause of action does not begin to run until a claimant knew or should have known of the existence of facts that would have enabled him to state a cause of action for legal malpractice. Vaughn v. Slaughter, 94-0552 (La.App. 1 Cir. 3/3/95), 653 So.2d 36, writ denied 95-0828 (La. 5/5/95), 654 So.2d 339. The burden of proving that a suit has prescribed rests with the party pleading prescription. Castaneda v. Louisiana Insurance Guaranty Association, 95-29 (La.App. 5 Cir. 5/30/95), 657 So.2d 338, writ denied 95-2097 (La. 11/17/95), 663 So.2d 715.
Plaintiff discovered that the judgment was filed in the wrong name in 1992, when the second garnishment proceeding was instituted against Mr. Manale. He knew at that time that his judicial mortgage was not perfected and his interests not protected in the Parish records. At that point he knew or should have known of the existence of facts that would have enabled him to state a cause of action for malpractice.
Given the facts of this case, relief for this plaintiff is provided for in Section B of R.S. 9:5605. Under the facts as presented in this case the matter may be considered based in contract. Before the statute was enacted the prescriptive period on such an action would have been ten years. The statute reduces the time such an action could be brought. We believe that is why the legislature amended the statute to provide for a three year grace period. Because the act occurred before September 7, 1990, plaintiff was given a three year exemption from the preemptive period imposed by the statute. Suit would be timely only if filed by September 7, 1993 regardless of the date of discovery of the act. See Vaughn v. Slaughter, supra. We find the reasoning of the trial court on the issue of prescription as it relates to the failure to file the judgment correct.
The second claim of malpractice against defendants concerns representation in the bankruptcy proceeding which, at the earliest, began in December, 1993 when Mr. Manale filed the proceeding. That claim involves actions or omissions allegedly committed by the defendants in 1994. Since the actions of which plaintiff complains occurred within one year preceding the institution of this action, the claim is neither prescribed nor preempted.
A reading of the reasons for judgment rendered by the trial court in conjunction *1291 with the March 6th, 1995 judgment makes it apparent that the trial court intended to limit the grant of the exception of prescription to the failure to properly record the judgment obtained against Mr. Manale, and sustain the objection of vagueness as to the failure to oppose the discharge of the debt in the bankruptcy proceeding. Nevertheless, we must consider only the actual judgment, sustaining a general exception of prescription to plaintiff's petition, as the ruling of the court. See C.C.P. art. 1918. Consequently, we amend the judgment to deny the exception of prescription as it relates to the claim regarding representation in the bankruptcy proceeding.

VAGUENESS
The viable claim of legal malpractice in the bankruptcy proceeding has been determined by the trial court to be vague. Plaintiff asserts that the trial court erred in so ruling. We agree.
Our law requires that a petition "contain a short, clear, and concise statement of all causes of action arising out of and of the material facts of, the transaction or occurrence that is the subject matter of the litigation". LSA-C.C.P. art. 891. One purpose of the exception of vagueness is to place the defender on notice of the nature of the facts sought to be proved so as to enable him to identify the cause of action. Washington v. Flenniken Construction Company, 188 So.2d 486, 489 (La.App. 3 Cir.1966); AAA Delivery, Inc. v. Airborne Freight, 94-346, (La.App. 5 Cir. 11/16/94), 646 So.2d 1113, writ denied, 94-3073 (La. 2/9/95), 649 So.2d 423. A formal pleading is necessary to identify the cause of action so as to bar its future relitigation after determination by the present suit. However, the defendant is not entitled through the exception of vagueness to require exactitude and detail of pleading beyond those necessary for these aims. Washington v. Flenniken Construction Company, supra; AAA Delivery, Inc. v. Airborne Freight, supra, at 1118.
In the petition, plaintiff sets forth the basic facts of representation in the bankruptcy proceeding and the ultimate discharge of Mr. Manale. The petition also asserts, "Petitioner specifically requested that defendant file, on behalf of petitioner, a complaint to determine dischargeability in connection with the debt of Mr. Manale within the proper time period (by 3/21/94 per Exhibit C, Notice of Commencement), which defendants failed to do". We do not agree the claim is presented in vague terms. The assertion is sufficiently clear to notice the defendants of the claim made against them. Consequently, we find the trial court erred in granting the exception of vagueness.

CONCLUSION
For reasons explained in this opinion, we affirm the judgment of the trial court in so far as it grants the exception of prescription to the claim of legal malpractice arising out of the failure to properly record the 1980 judgment. We reverse the ruling in so far as it grants exceptions of prescription and vagueness as to the failure to file an opposition to the dischargeability of the debt in the bankruptcy proceeding. The matter is remanded to the trial court for further proceedings consistent with this decision. Costs of this appeal are cast against the appellee.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
CANNELLA, J., concurs.
CANNELLA, Judge concurring:
I agree with the majority opinion. However, it does not address the issue of attorneys fees and penalties. I would add that attorneys fees and penalties are not provided for in law or by contract and, thus, plaintiff is not entitled to them.
NOTES
[1] Although the petition states the representation by defendants began in 1977, it appears that while the original suit was filed in 1977, Nel Vezina began representation in 1979. A second defendant, Jeffery D. Salzer, joined the firm of Vezina and Associates in 1989 and also represented Mr. Bustamente.
[2] The plaintiff also seeks review of the judgment of the trial court on March 10, 1995 granting the defendants' exception of no cause of action for punitive damages. Because that judgment was not appealed and is not before us, we cannot provide such a review.