689 So.2d 680 (1997)
Alice H. TAUSSIG, Plaintiff-Appellant,
v.
James A. LEITHEAD, et al., Defendants-Appellees.
No. 96-960.
Court of Appeal of Louisiana, Third Circuit.
February 19, 1997.
*681 Lanny R. Zatzkis, Yvette A. D'Aunoy, New Orleans, for Alice H. Taussig.
Patrick A. Juneau, Jr., Sue Nations, Lafayette, for James A. Leithead, et al.
Before SAUNDERS, PETERS and AMY, JJ.
*682 AMY, Judge.
Plaintiff, Alice H. Taussig, filed a Petition for Damages against the defendants, James Leithead and his former law firm, Anderson, Leithead, Scott and Boudreau, for legal malpractice. The trial court granted a Peremptory Exception of Prescription filed by the defendants. Plaintiff now appeals the granting of the exception. For the reasons which follow, we affirm.

DISCUSSION OF THE RECORD
In 1977, the defendant, James Leithead, began representing the plaintiff, Alice Taussig, in the separation and divorce from her husband, James Taussig. The couple's judgment of legal separation was rendered on July 7, 1978. The defendant further represented the plaintiff in the partition of the couple's community property which was also executed on July 7, 1978. The partition was twice amended in 1980.
On September 1, 1993, the plaintiff filed suit against Leithead, his former law firm, and the firm's malpractice insurer, New England Insurance Company. In her petition, the plaintiff alleged legal malpractice on the part of Leithead in his representation of her. The plaintiff alleged various acts and omissions concerning the settlement of the marriage's community property that, she asserts, she discovered just prior to the filing of suit. The plaintiff amended the petition on October 2, 1995, alleging additional acts of negligence on the part of the defendant of which the plaintiff alleges she did not have knowledge until after 1993, when the original suit was filed.
In response to this petition, the defendants filed a Peremptory Exception of Prescription on November 21, 1995, arguing that the plaintiff's action had prescribed pursuant to La.R.S. 9:5605. Finding in favor of the defendants, the trial court rendered judgment on May 6, 1996, sustaining the exception of prescription and dismissing the plaintiff's case, with prejudice.
Plaintiff now appeals assigning the following as error: 1) The trial court erred in holding that if the plaintiff discovered or should have discovered any single act of negligence prior to one year before suit, then all claims for any and all acts of negligence are prescribed irrespective of when discovered; 2) The trial court erred in its failure to apply the prevailing jurisprudence regarding when the plaintiff should have discovered the defendant's alleged malpractice; 3) The trial court erred in that the clear weight of the evidence, applying the jurisprudence regarding what she can be held to know, indicates that the plaintiff did not discover the defendant's alleged malpractice until 1993; 4) The trial court erred in holding that it was the plaintiff's burden to prove that her claims were not prescribed.

LAW
The period in which a legal malpractice action must be brought is controlled by La.R.S. 9:5605(A), which provides:
No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
Therefore, an action for legal malpractice is barred if not filed within one year from the discovery of the alleged act or omission, or within three years after the alleged act of malpractice, regardless of the time of discovery. Dowell v. Hollingsworth, 94-0171(La.App. 1 Cir. 12/22/94); 649 So.2d 65, writ denied, 95-0573 (La.4/21/95); 653 So.2d 572.
*683 However, La.R.S. 9:5605(B) provided a special window for acts of negligence occurring prior to September 7, 1990. The three-year peremptive period was suspended for these cases if filed before September 7, 1993. As this case was filed September 1, 1993, only the one-year limitation is applicable.

Assignment of Error Number 1
In this first assignment, the plaintiff argues that the trial court erroneously held "that all of Ms. Taussig's claims on all of the acts of negligence were prescribed if it were found that Ms. Taussig discovered or should have discovered any one act of negligence prior to one year before filing suit." The plaintiff further urges that this action "involves some twenty different discrete, independent acts of negligence which bear independent, separate, discovery dates."
In support of her argument, the plaintiff asserts that the instant matter is analogous to Chaney v. State, Dept. of Health, 432 So.2d 256 (La.1983). In Chaney, the plaintiff underwent surgery in 1977 for what she believed to be the removal of her appendix. Following the surgery, she continued to return to the hospital where the surgery was performed, complaining of abdominal pain. In 1979, the plaintiff sought additional medical treatment and was advised that the surgery performed in 1977 was actually a hysterectomy. After this revelation, the plaintiff continued to suffer from abdominal pain and, in 1981, was told that, as a result of the 1977 surgery, part of her intestine had been left in the stomach causing extensive adhesions. The plaintiff filed suit asserting "that defendants negligently performed surgery on Mrs. Chaney during the course and scope of their employment causing her to suffer abdominal pain for two and one-half years. They further averred that defendants had violated the duty of care owed to Mrs. Chaney by delivering medical care that was below the standard of good medical practice." Id. at 257-58. The trial court found that the claims had prescribed.
The Louisiana Supreme Court found that, indeed, the plaintiff's cause of action arising from the lack of consent for the hysterectomy had prescribed. However, the court went on to find that the plaintiff had an independent "cause of action for medical malpractice for misdiagnosis and/or failure to properly treat Mrs. Chaney." Chaney, 432 So.2d at 259. The court found that since Mrs. Chaney had no knowledge of the origin of her abdominal pain until 1981 and that since she filed suit within a year of that discovery, her claim had not prescribed.
In the instant matter, the plaintiff urges this court to view the twenty alleged acts of negligence separately and apply separate prescriptive periods. We find the present case distinguishable from the medical malpractice case of Chaney. In Chaney, two independent torts were alleged: 1) lack of consent for the 1977 surgery; and 2) failure to diagnose the cause of the abdominal pain. In the present case, only a single tort is alleged: negligent representation of the plaintiff during her divorce and community property settlement, albeit by twenty separate acts of negligence.
The plaintiff also asserts that the recent case of Bustamente v. Vezina, 95-556 (La. App. 5 Cir. 1/30/96); 668 So.2d 1286, supports her contention that her lawsuit encompasses multiple actions with multiple prescriptive periods. In Bustamente, a plaintiff filed suit against his attorney for legal malpractice. The plaintiff alleged that the attorney represented him in a redhibition action and then failed to record a judgment in his favor. The plaintiff further alleged that the attorney negligently represented him in a bankruptcy proceeding. Like the court in Chaney, the fifth circuit found, in Bustamente, that the plaintiff had stated two independent causes of action. Bustamente is also distinguishable from the instant matter. In Bustamente, not only is the underlying factual basis different between the two claims, but the alleged acts are separated chronologically. The first claim, failure to record the judgment, occurred during representation from 1977 to 1980, while the second alleged negligent act did not occur until 1994. In the present case, the underlying factual basis is the same: the alleged negligent representation in the divorce and community property partition; and the alleged acts occurred during a continuous period of representation.
*684 As we conclude that each of the plaintiff's allegations stem from the defendant's alleged negligent handling of the plaintiff's divorce and community property partition, we find that the trial court was correct in its holding that there was a single cause of action, with one prescriptive period. Accordingly, we find this assignment to be without merit.

Assignment of Error Number 2
In her next assignment of error, the plaintiff alleges that the trial court erred by finding that she should have "reasonably" known of the alleged malpractice because she "was not happy with the community property partition the Defendant-Appellee obtained for her." The plaintiff further contends that the trial court held her to an attorney's standard in determining whether knowledge of the alleged negligent representation was reasonable. Additionally, the plaintiff argues that, in determining reasonableness, such factors as her educational background, intelligence and past experience, should have been considered by the court.
As previously stated, an action for legal malpractice must be brought within one year of the alleged act, omission, or neglect, or within one year from when it is discovered or should have been discovered. La.R.S. 9:5605(A). The prescriptive period in a malpractice action does not begin to run against a party who is ignorant of the facts upon which his claim is based, unless the ignorance is willful, negligent, or unreasonable. Griffin v. Kinberger, 507 So.2d 821 (La.1987); Smith v. Boothe, 28,065 (La.App. 2 Cir. 2/28/96); 669 So.2d 682, writ denied, 96-0821 (La.5/10/96); 672 So.2d 928. The proper focus, under the standard enunciated in Griffin, is the reasonableness of the victim's action or inaction, in light of the facts known to them, or which should have been known to them. See Norwood v. Fish, 537 So.2d 783 (La.App. 2 Cir.), writ denied, 539 So.2d 634 (La.1989).
The standard imposed in Griffin is that of a reasonable man. This standard is designed to establish a rule that any plaintiff who had knowledge of facts that would place a reasonable man on notice that malpractice may have been committed shall be held to have been subject to the commencement of prescription by virtue of such knowledge even though he takes the position that he did not know because these facts were not sufficient to trigger such knowledge in his mind.
Norwood, 537 So.2d at 786. Additionally, "[a] plaintiff under Griffin may not escape the commencement of prescription by attempting to establish that his ability to comprehend and evaluate the facts is something less than that possessed by a reasonable man." Id. at 787.
Despite the plaintiff's contention that the trial court should have considered subjective factors; that the trial court found knowledge when there was only an apprehension of wrongdoing; and that the trial court applied the wrong standard, it is clear that the trial court correctly applied the standard enunciated by Griffin and its progeny. In the oral reasons for ruling the district court judge stated:
The test in this case in my humble opinion is what a reasonable person in [the plaintiff's] position at the time knew or should have known and what she had discovered or should have discovered in the words of the statutethe reasonable person we refer to is the so-called "objective reasonable person."
The preponderance in my humble opinion clearly indicates that a reasonable person in the position of Ms. Taussig knew or should have known, if not all, certainly most of the problems that she now complains of resulted because of alleged malpractice. I do not believe and I do not feel and I do not rule that this is a situation of mere apprehension.
We note that the correct standard is whether a reasonable person would have or should have discovered facts sufficient to hail the alleged wrongdoing in the same circumstances. As we find that the trial court's ruling demonstrates that the correct standard was applied, we find this assignment lacks merit.

Assignment of Error Number 3
Next, the plaintiff maintains that she timely filed suit as she did not become aware of the defendant's alleged negligence until the *685 Spring and Summer of 1993, when she located public records indicating that there had been omissions from the community property settlement.
An appellate court is precluded from setting aside a trial court's finding of fact unless the finding is manifestly erroneous or clearly wrong in light of the record reviewed in its entirety. Rosell v. ESCO, 549 So.2d 840 (La.1989).
In the oral reasons for ruling, the trial court found that there was evidence which would have or should have given a reasonable person in the plaintiff's position knowledge of, "if not all, certainly most of the problems that she now complains of resulted because of alleged malpractice." The trial court went on to identify key pieces of evidence which indicated that the plaintiff should have had such knowledge no later than 1980. Accordingly, the trial court found that this knowledge began the tolling of the statute of limitations.
Contrary to the plaintiff's assertion that she did not begin to discover the alleged negligence until 1993, the record is replete with evidence, including the plaintiff's testimony, that supports the trial court's finding that she had prior knowledge. For example, the plaintiff alleges that the defendant never showed her an affidavit from a bank officer, indicating that approximately $150,000 had gone through a community bank account prior to the legal separation. However, at the hearing on the exception, the plaintiff was presented with a copy of the "Community Property Settlement" executed on July 7, 1978, and signed by the plaintiff. That document contained a provision whereby the plaintiff's husband was to account for funds taken from the account from a specific time period. The plaintiff additionally affirmed that at the time the document was executed, she was concerned about the accountability of the money flowing through the community checking account.
The plaintiff also testified that, during the period of the representation, she told the defendant that she and her husband "had received a lot of money for a timber lease in Beauregard Parish ..." and that there was the possibility "that the money was unaccounted for...." With regard to this money from the timber sale, she testified that the defendant never mentioned it again and that she "sort of felt like ... that's something [her husband] ... maybe got away with."
Further, the plaintiff alleges that the defendant negligently handled the partition of community owned stock, resulting in adverse tax consequences. However, when asked whether "as far back as 1980, [she was] concerned, dissatisfied, and had serious questions about the handling of the transaction regarding the [stock] ... [,]" the plaintiff responded, "[a]bout the taxes, yes, indeed." We further note that, in 1980, the plaintiff sought the help of an accountant for the preparation of her taxes.
Additionally, the plaintiff alleges that the defendant failed to protect her interest in having medical insurance provided by her ex-husband. The plaintiff contends that she did not become aware, until after 1993, that the defendant had negligently worded a judgment which would terminate her insurance coverage upon divorce. She did, however, state that her medical insurance was terminated shortly after her divorce, which became final in 1979.
While the above mentioned are not the only acts of negligence alleged by the plaintiff, we find that these provide sufficient indication that the plaintiff was alerted, soon after her divorce, to the facts underlying her cause of action in legal malpractice. In the face of such evidence, we find that the trial court was not manifestly erroneous in its determination that the plaintiff discovered or should have discovered the alleged negligent representation. Therefore, we find that this assignment too, lacks merit.

Assignment of Error Number 4
Finally, the plaintiff contends that the trial court erroneously found that she had the burden of proving that her claim had not prescribed, rather than finding that the defendant, as the exceptor, had the burden of proving that the claim had prescribed.
The burden of proof is normally on the party pleading prescription. Younger v. *686 Marshall Industries, Inc., 618 So.2d 866 (La. 1993). Prescription begins to run at the time a claimant knew or should have known of the existence of facts that enable him or her to state a cause of action for legal malpractice. Vaughn v. Slaughter, 94-0552 (La.App. 1 Cir. 3/3/95); 653 So.2d 36, writ denied, 95-0828 (La.5/5/95); 654 So.2d 339. When, however, the plaintiff's petition on its face indicates that prescription has run, the burden shifts to the plaintiff to show why the claim has not prescribed. Lima v. Schmidt, 595 So.2d 624 (La.1992). "The jurisprudence has recognized three theories upon which a plaintiff may rely to establish that prescription has not run: suspension, interruption and renunciation." Id. at 628.
As discussed by the fifth circuit in Phillip v. Home Ins. Co., 95-406 (La.App. 5 Cir. 2/27/96); 671 So.2d 943, writ denied, 96-1238 (La.6/28/96); 675 So.2d 1124, the courts of this state have traditionally applied the theory of contra non valentem which provides that prescription does not run against a party unable to bring an action. There are four situations in which the theory has been applied:
(1) Where there is some legal cause which prevented the courts or their officers from taking cognizance of or acting on the action; (2) Where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) Where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and (4) Where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.
Id., at p. 8, 671 So.2d at 948 (quoting Doskey v. Hebert, 93-1564, p. 9 (La.App. 4 Cir. 9/29/94); 645 So.2d 674, 679). A plaintiff bears the burden of establishing the facts necessary to support the application of contra non valentem. Adams v. First Nat. Bank of Commerce, 93-2346, 94-0486 (La. App. 4 Cir. 9/29/94); 644 So.2d 219, writ denied, 94-3053 (La.2/3/95); 649 So.2d 411.
The legislature codified the fourth situation of contra non valentem in La.R.S. 9:5605(A) by providing for the suspension of the prescriptive period after the act or omission until discovery or imputed discovery. The one-year peremptory period provided for in the statute begins to run on the date prescription begins to run; although the prescriptive period may be suspended after the act or omission, until the alleged negligent act is "discovered or should have been discovered" by the plaintiff, the peremptive period that then begins may not be interrupted or suspended. See La.R.S. 9:5605(A). Like the discovery situation of contra non valentem, the suspension of the limitations period adopted by La.R.S. 9:5605 is an exception to the more general rule, also included in that article, that prescription will begin to run from the date of the alleged act. Thus, if the defendant shows that, on the face of the petition, the action has prescribed by the passage of more than one year from the date of the act or omission which constitutes the alleged malpractice, it becomes the plaintiff's burden to prove that the action is not prescribed. As we interpret this statute, this may be done by showing that facts constituting malpractice were not discovered nor should have been discovered until less than one year before suit was filed.[1]
In the present case, the trial court found that the petition had not prescribed on its face, but held that, as the defendant made out a prima facie case, the burden then shifted to the plaintiff to prove that prescription had not run. In the oral reasons for ruling, the trial court found that it did not matter which party bore the burden as "the clear preponderance in this case renders that [determination]... not relevant."
We find that in light of the supreme court's decisions in Younger and Lima, the petition had prescribed on its face, thereby shifting the burden to the plaintiff to prove that the claim had not prescribed. The negligent representation alleged in the petition occurred between 1977 and 1980, the *687 time of the separation, divorce, and community property settlement, while the petition was not filed until 1993. This far exceeds the one-year period from the date of the act set forth in La.R.S. 9:5605 and causes the petition to have prescribed on its face. While the statute also allows for suspension of the running of this one-year period until the negligent conduct is "discovered or should have been discovered," this is a showing that the plaintiff must bear. Although the trial court did not articulate the shifting of the burden as described above, the result was the same. Accordingly, we find that the trial court did not err in finding that the claim had prescribed. However, even were we to agree with the plaintiff that the defendant had the burden of proof, we conclude that the trial court was still correct in its ultimate decision. The cause of action has prescribed because the evidence clearly preponderates in favor of prescription. Therefore, this final assignment of error is without merit.

DECREE
For the foregoing reasons, the decision of the lower court is affirmed and all costs of this appeal are assessed to the plaintiff, Alice H. Taussig.
AFFIRMED.
PETERS, J., concurs in the result.
NOTES
[1] We note that a plaintiff is afforded the opportunity to prove suspension of prescription only if suit can be filed "within three years from the date of the alleged act, omission, or neglect." See La.R.S. 9:5605.