United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 8, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FIFTH CIRCUIT

No. 07-30072
Summary Calendar

REBECCA SEROU,

Plaintiff - Appellant,

versus

S. GUY DELAUP; S. GUY DELAUP PLC,

Defendants - Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
(2:05-CV-847)

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:*

In this diversity action, Rebecca Serou contests the adverse summary judgment on her legal-malpractice claim against S. Guy DeLaup and S. Guy DeLaup, PLC.

In May 2002, Serou's husband filed a petition for, *inter alia*, divorce. The action was tried in October 2002, and a divorce was granted that November. Dissatisfied with her representation during

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the proceedings, Serou fired her attorney and retained DeLaup for any outstanding issues.  DeLaup represented Serou from July 2003 to August 2004; during that time, a written judgment was issued and the parties signed a consent agreement for the division of property.

Serou contends:  DeLaup knew about allegations of domestic violence and abuse that occurred during her marriage; however, he did not advise her of her right to file a tort claim against her ex-husband.  In May 2004, Serou terminated her relationship with DeLaup.  That August, her newly retained counsel advised her: she had a tort claim against her ex-husband; but the right to file an action for it had expired.

In March 2005, Serou filed this legal-malpractice action against DeLaup.  She claimed, *inter alia*:  DeLaup breached a duty by failing to inform her about her right to file a tort claim against her ex-husband for personal injury sustained during the marriage.

In September 2006, DeLaup moved for summary judgment.  In a detailed opinion granting such judgment, the district court held: Serou's malpractice claim was barred by the one-year statute of limitations, under Louisiana law.

Summary judgment is reviewed *de novo*.  ***Celotex Corp. v. Catrett***, 477 U.S. 317, 330 (1986).  It is appropriate "if ... there is no genuine issue as to any material fact and ... the moving

party is entitled to a judgment as a matter of law". FED. R. CIV. P. 56(c).

Under Louisiana law, Serou had one year from the date of the alleged "act, omission, or neglect", or one year from the date she discovered, or should have discovered, any alleged act of malpractice, in which to file a legal-malpractice action. LA. REV. STAT. ANN. § 9:5605 (2007); *Dauterive Contractors, Inc. v. Landry and Watkins*, 811 So.2d 1242, 1251-53 (La. Ct. App. 2002). Serou claims that she did not learn of her right to file a tort action against her ex-husband until August 2004, when she engaged new counsel; therefore, her action against DeLaup in March 2005 was within one year from the date she discovered the alleged malpractice. As the district court ruled, however, Serou made numerous claims, both through written correspondence and electronic mail, of malpractice continuously throughout the course of DeLaup's representation of her. Under Louisiana law, "any plaintiff who had knowledge of facts that would place a reasonable man on notice that malpractice may have been committed shall be held to have been subject to the commencement of prescription by virtue of such knowledge", even if she asserts a limited ability to evaluate the facts. *Taussig v. Leithead*, 689 So.2d 680, 684 (La. Ct. App. 1997) (internal citations and quotation marks omitted). Essentially for the reasons stated by the district court, Serou was aware of the facts which formed the basis for her malpractice claim; and,

3

accordingly, that knowledge is sufficient to have triggered the one-year preemptive period under Louisiana law and, therefore, bar her claim.

*AFFIRMED*