CHARLES R. JONES, Chief Judge.
hThe Appellants, Keith and Jeanine Mason, (Masons) appeal the judgment of the district court granting the motion for summary judgment filed by the Appellees, Wayne E. Garrett, A Professional Law Corporation, Wayne E. Garrett (Mr. Garrett), James Browne Larose, III (Mr. La-rose), and Gilsbar Specialty Insurance Services, L.L.C. After reviewing the record and applicable law, we affirm the judgment of the district court dismissing the legal malpractice suit of the Appellants.
The Masons’ claim for legal malpractice against the Appellees arises out of the Appellees’ representation of the Masons during the litigation of their Hurricane Katrina homeowners’ insurance claim. Prior to August 26, 2006, the Masons retained the Appellees, Mr. Garrett and Mr. Larose, to provide legal services in connection with the Masons’ insurance claim for damage sustained by their home as a result of Hurricane Katrina. The Appellees agreed to jointly represent the Masons in litigation of their insurance claim against Auto Club Family Insurance Company (AAA). On August 26, 2006, the Appellees filed a petition styled Mason, et al. v. AAA Insurance Co., et al., in the 34th Judicial District Court for the Parish of St. Bernard pursuant to Louisiana’s Valued Policy Law. AAA removed the action to the U.S. District Court for the Eastern *652 District of Louisiana, and the case was assigned case # 2007-445. On April 30, 2007, AAA filed a Rule 12(c) Motion to Dismiss, which was set for hearing on May 30, 2007. On August 23, 2007, the court granted AAA’s Motion to Dismiss and ordered judgment on the pleadings in favor of AAA.
Thereafter, on August 29, 2007, the Ap-pellees filed Mason, et al. v. AAA Ins. Co., et al. in the 34th Judicial District Court for the Parish of St. Bernard under Louisiana’s Valued Policy Law, essentially refiling the original complaint. On December 13, 2007, AAA removed the action to the U.S. District Court for the Eastern District of Louisiana, bearing case # 2007-9483. Thereafter, AAA filed a 12(c) Motion for Judgment on the Pleadings, which was set for hearing on April 2, 2008. The Appellees failed to oppose the Motion filed by AAA. The Masons at this time had no knowledge that the Appellees failed to oppose the Motion. On April 1, 2008, AAA deposed the Masons in conjunction with their homeowners’ claim. During the deposition, the Masons were informed by the Appellees that their case was progressing appropriately. The Masons were led to believe that the deposition would assist them in the settlement of their claim, and that their claim would soon be resolved. However, on April 14, 2008, the district court granted as unopposed the Motion for Judgment on the Pleadings. The court further ordered that the Appellees file a Motion for Reconsideration within thirty (30) days, which Uthey failed to do. The Masons, again at this time, had no knowledge that the Motion for Judgment on the Pleadings was granted as unopposed, nor did they have any knowledge that the Ap-pellees failed to file a Motion for Reconsideration.
On May 20, 2008, the district court entered a final judgment in favor of AAA. The Appellees failed to file a Notice of Appeal on behalf of the Masons within thirty (30) days of the final judgment. The Appellees failed to disclose to the Masons that a final judgment was entered in the matter. The Masons had no knowledge that a final judgment was entered in favor of AAA, nor did they have any knowledge that the Appellees failed to timely file a Notice of Appeal.
Subsequent to the final judgment entered on May 20, 2008, and in efforts to revive the dismissed claims, the Appellees filed a Motion for Relief from the Order Pursuant to Rule 60 of the Federal Rules of Civil Procedure. Thereafter, they informed the Masons about the issues and dismissals pertaining to their case. The court denied the Motion for Relief filed by the Appellees on October 29, 2008. On November 5, 2008, the Appellees again filed a Motion for Reconsideration of the Motion for Relief under Rule 60. Due to the lengthy time of the pending case, on November 10, 2008, Jeanine Mason reviewed the case file maintained by the Appellees, which she obtained after visiting their law offices; thereafter, she questioned Mr. Larose about the handling of the case. Jeanine Mason stated her specific concerns to Mr. Larose and outlined the events or lack thereof which had occurred in the case. On November 13, 2008, the Appellees re-filed a Motion for 14Reconsideration with accompanying affidavits of Mr. Garrett, Mr. Larose, and Mr. Garrett’s physician.
Some time in or before November 2008, Jeanine Mason met with Attorney Remy Fransen (Mr. Fransen). On November 19, 2008, Mr. Fransen, on behalf of the Masons, wrote to the Appellees suggesting action could be taken against them for legal malpractice in connection with their representation of the Masons. Mr. Fran-sen’s letter stated in pertinent part:
*653 I have been retained by Keith and Jeanine Mason to inquire into the circumstances surrounding the case pending which is referenced above.
My review of the file indicates that the matter was dismissed by Judge Ivan L.R. Lemelle of the Eastern District on April 10, 2008 because there was “No memorandum in opposition to the motion ...” and “Accordingly this motion is deemed to be unopposed ...” After the order was entered, a final judgment was rendered on May 20, 2008.
Later, a motion was filed for relief under Federal Rule of Civil Procedure, Rule 60. This motion was rejected by Judge Lemelle by order dated October 29, 2008.
The record reflects that, at various times, the Masons were represented by you as counsel of record. Unless relief can be obtained from the order denying the Rule 60 proceedings dated October 29, 2008, it would appear that the Masons’ rights have been prejudiced by your joint or individual failure to timely protect their interests.
[[Image here]]
If after your best efforts to exhaust the available appeals, you are unsuccessful, I have been authorized by the Masons to take such action as may be necessary to pursue all remedies which the Masons may have against you, including a suit in malpractice.
I would suggest that you place your malpractice underwriters on notice at this time.
|fiOn November 20, 2008, Mr. Fransen wrote a second letter, this time to the Masons, enclosing the above mentioned letter which he had submitted to the Ap-pellees on behalf of the Masons. This subsequent letter stated in part as follows:
I attach a copy of the letter that I will send to Attorneys Garrett and Larose.
I sincerely hope that they are successful in their efforts to appeal this matter. Appeal is always a long shot, but this may have some merit.
I have now put them on notice that you will pursue your rights against them if they are unsuccessful.
At the moment, I will take no further action in this case, it being their obligation to straighten out the mess.
The Masons received both letters; however, they did not respond or take any action. Some time in or before December 2008, Jeanine Mason agreed to allow Mr. Fransen to send cases to the Appellees to assist them with the Masons’ pending Motion for Reconsideration. On August 10, 2009, the Motion for Reconsideration was denied. On September 9, 2009, the Appel-lees filed a Notice of Appeal on behalf of the Masons with the U.S. Fifth Circuit Court of Appeal; however, the district court’s ruling was affirmed on March 30, 2010,
On April 24, 2010, the Masons received a letter from the Appellees informing them that their appeal had been denied, and also provided the Masons with the information of their malpractice carrier in the event the Masons chose to pursue a claim against them. On August 18, 2010, the Masons filed suit against the Appellees, captioned Keith and Jeanine Mason v. Wayne E. Garrett, A Professional Law Corporation, Wayne E. Garrett, James Browne Larose, III and Gilsbar Specialty Insurance Services, L.L.G., in the Civil District Court for the | ^Parish of Orleans, State of Louisiana, bearing case #2010-8267, and alleging that the Appellees were negligent in failing to properly prosecute the Masons’ homeowners insurance claim against AAA. Gilsbar Specialty Insurance Services, L.L.C., was subsequently dismissed as a party.
*654 Thereafter, the Appellees filed a Motion for Summary Judgment arguing the undisputed facts show that the Masons had sufficient knowledge of the alleged malpractice more than one year before filing suit. The Appellees’ motion for summary judgment sought to have the Masons’ legal malpractice suit against them dismissed, asserting that the Masons’ claim had prescribed. Specifically, the Appellees’ asserted that the Masons could not sustain a legal malpractice action against the Appel-lees, as the Masons were aware of the alleged legal malpractice in or around November 2008, rather than April 2010 as they assert.
In support of their motion for summary judgment, the Appellees alleged that on or before November 10, 2008, Appellant, Jeanine Mason, visited their law offices and obtained a copy of the file pertaining to and containing all relevant documents of their insurance suit. She reviewed the file and wrote the Appellees a letter outlining all the issues she observed in the handling of the suit by the Appellees. Additionally, she sought representation of another attorney, Mr. Fransen, to inquire into the representation by the Appellees and pending status of the case between the Masons and the insurance company.
|7The Appellees argued that the Masons knew or should have known that the alleged malpractice had occurred based on the correspondence received from Mr. Fransen, and also from reviewing the files pertaining to their case. They argued that as a representative of the Masons, Mr. Fransen’s knowledge of the malpractice is imputed to the Masons under Louisiana law. Regional Transit Authority v. Levey, 595 So.2d 1255, 1258 (La.App. 4 Cir. 3/17/1992). The Appellees further argued that since the Masons knew or should have known about the alleged malpractice back in November 2008, the Masons were barred from bringing suit as it had prescribed under La. R.S. 9:5605. The district court held a contradictory hearing with oral argument on October 28, 2011, and thereafter rendered judgment granting the Motion for Summary Judgment and dismissing the Masons’ claims. The Masons’ timely appeal followed.
The Masons raise two (2) assignments of error:
1) The district court erred in granting the Defendants’/Appellees’ motion for summary judgment as a matter of fact, as it improperly found that the Plaintiffs/Appellants knew or should have known that malpractice had been committed on November 19, 2008.
2) The district court erred in granting the Defendants’/Appellees’ motion for summary judgment as a matter of law, as it failed to conduct an eviden-tiary hearing on the issue of fraud.
Though the Masons assert two assignments of error, the record reveals the issue at hand is the granting of the motion for summary judgment by the district court. Appellate courts review the grant or denial for summary judgment de novo. Independent Fire Ins. Co. v. Sunbeam Corp., 1999-2181, p. 7 (La.2/29/2000), 755 So.2d 226, 230. A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action or defense in favor of one or more parties. La. C.C.P. art. 966(E); see also La. C.C.P. art. 1925(B)(1).
The summary judgment procedure is designed to secure the just, speedy, and inex *655 pensive determination of every action, except those disallowed by La. C.C.P. art. 969. La. C.C.P. art. 966(A)(2). Summary judgments are favored, and the summary judgment procedure shall be construed to accomplish those ends. Id. Nevertheless, despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion and all doubt must be resolved in the opponent’s favor. Willis v. Medders, 2000-2507, p. 2 (La.12/08/2000), 775 So.2d 1049, 1050. A court cannot make credibility determinations on a motion for summary judgment, and must assume that all of the affiants are credible. See Independent Fire Insurance Co., p. 16, 755 So.2d at 236.
A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La.7/5/1994), 639 So.2d 730, 751. A fact is material when its existence or nonexistence may be essential to the plaintiffs cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or 19determines the outcome of the legal dispute. Hardy v. Bowie, 1998-2821, p. 6 (La.09/08/1999), 744 So.2d 606, 610. Thus a material fact is one that would matter on the trial on the merits. Smith, p. 27, 639 So.2d at 751.
On appeal, the Masons aver that they did not receive any indication from the Appellees that malpractice had occurred until the Appellees provided them -with correspondence from the appeal on April 24, 2010. The Masons urged that they felt assured by the Appellees continued work on the case, and that the reassurance on the status of their case was constantly given to them by the Appellees. At no point did the Appellees inform them that the case had been dismissed due to a mistake on the part of the Appellees in their representative capacity. Mrs. Mason stated that during numerous inquiries about the case, the Appellees assured her that the matter was proceeding normally and that under no circumstances did she become aware that their insurance claim against AAA was not going to be successful. The Masons stated that their frustrations at the length of time the matter was taking prompted them to seek opinions from others, such as Attorney Remy Fran-sen. They urged that they did not hire or retain Mr. Fransen, but rather sought his insight on the pending litigation. They further urged that though they met with Mr. Fransen, this meeting and insight from Mr. Fransen did not give them any indication that malpractice had been committed by the Appellees. Finally, they aver that at no time before April 2010, could they have known that malpractice had occurred and that they filed suit within a year after their acquired knowledge. Thus, the suit against the Appellees was timely.
In the matter sub judice, the district court determined that the suit against the Appellees had prescribed under La. R.S. 9:5605, which states in pertinent part:
|inA- No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising *656 out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
B. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremp-tive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
The district court further relied on Atlas Iron & Metal Co. v. Ashy, 2005-458, p. 5 (La.App. 3 Cir. 1/4/06), 918 So.2d 1205, 1210 writ not considered, 2006-0296 (La.4/28/06), 927 So.2d 276, where the Third Circuit opined:
The peremption period begins to run when a client knows or should have known that a lawyer’s actions or inaction may cause the client to incur damages, thereby creating a legal cause of action. Therefore, courts look to see when a client “knew of the existence of facts which would have enabled him to state a cause of action for legal malpractice.” Dauterive v. Landry and Watkins, 2001-1112, p. 18 (La.App. 3 Cir. 3/13/2002), 811 So.2d 1242, 1255. It is also possible for a client to have constructive knowledge of facts sufficient to “place a reasonable man on notice that malpractice may have been committed,” such that the one year peremption period will begin to toll. Id. at 1254 (quoting Taussig v. Leithead, 1996-960, p. 6 (La.App. 3 Cir. 2/19/1997), 689 So.2d 680, 684). The Louisiana Supreme Court is in full agreement:
|, prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort. Percy v. State, E.A Conway Memorial Hosp., 478 So.2d 570 (La.App. 2 Cir.1985). A prescriptive period will begin to run even if the injured party does not have actual knowledge of facts that would entitle him to bring a suit as long as there is constructive knowledge of same. Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead. Such information or knowledge as ought to reasonably put the alleged victim on inquiry is sufficient to start [the] running of prescription.
A review of the facts and law reveals that the district court did not err in granting the Appellees’ motion for summary judgment. Here, the Masons were aware of the alleged malpractice which had occurred back in 2008. As previously stated, in or about 2008, the Masons not only reviewed the files and saw all the deficient work being done by the Appellees, but also sought a separate attorney who informed them that they have an action for malpractice. The Masons argued that they did not retain Mr. Fransen to represent them; however, the letter by Mr. Fransen clearly states that he was retained by the Masons to inquire into the matter. Further, the Masons’ argument that their meeting with Mr. Fransen did not reveal any inclination that the Appellees had committed legal malpractice is without merit. The subsequent letter sent to the Masons from Mr. Fransen mentioned a possible malpractice *657 action that the Masons had against the Appellees, stating in part, “I have now put them on notice that you will pursue your rights against them if they are unsuccessful.” Mrs. Mason acknowledged that she was aware of the |12lengthy time that the matter was pending and had suspicions, thus seeking opinions from others, such as Mr. Fransen. Mrs. Mason also stated that she expressed her opinions and views about the lack of progress and work being done by the Appellees in her outlined letter to the Appellees in 2008.
In evaluating whether the Masons knew or should have known about the alleged malpractice by the Appellees, we look to the court in Atlas who opined that the standard for determining when a client knows or should have known about the act, omission, or negligence of his or her attorney is that of an objective, reasonable person. Id. at p. 5, 918 So.2d 1205, 1210. As the Third Circuit stated in Atlas:
The standard for determining when a client knows or should know about the act, omission, or negligence of his or her attorney is that of an objective, reasonable person. “[A] plaintiff ... may not escape the commencement of prescription by attempting to establish that his ability to comprehend and evaluate the facts is something less than that possessed by a reasonable man.”
[[Image here]]
This standard is designed to establish a rule that any plaintiff who had knowledge of facts that would place a reasonable man on notice that malpractice may have been committed shall be held to have been subject to the commencement of prescription by virtue of such knowledge even though he takes the position that he did not know because these facts were not sufficient to trigger such knowledge in his mind.
[[Image here]]
Encountering, by early November 1991, the indicated elements of a malpractice action, the Smiths should have taken practical steps to investigate further and prosecute any such claims against defendants, prior to the running of the prescriptive period. This is 1 istrue despite Masons’ contention that, as non-lawyers, they could not know their attorney had committed a negligent or illegal act. Under such circumstances, a layman may not escape commencement of prescription by asserting that his ability to comprehend and evaluate the facts is limited.
Accordingly, the reasonable person standard requires no inquiries into the sophistication of an individual client as it is a subjective [sic] standard, as stated succinctly in Taussig. “The test in this case ... is what a reasonable person in [the plaintiffs] position at the time knew or should have known and what she had discovered or should have discovered in the words of the statute — the reasonable person we refer to is the so-called ‘objective reasonable person.’ ” (Citations Omitted).
Atlas Iron & Metal Co., 2005-458, pp. 7-8, 918 So.2d at 1211-12.
In the matter. sub judice, the Masons encountered sufficient proof to conclude that malpractice had been committed by the Appellees. Several times in 2008, the Masons were placed on notice and were presented with enough information to alert them that malpractice had been committed. In addition to viewing the files containing all the pertinent information and timelines of the work product of the attorneys (Appellees), the Masons also received information and were informed by an attorney they sought, Mr. Fransen, of the possible malpractice action the Masons have against the Appellees. The Masons’ *658 claim that they did not retain Mr. Fransen, and further Mr. Fransen did not provide them with any knowledge that malpractice had occurred. As stated earlier, the letter sent to the Appellees from Mr. Fransen stated that the Masons had retained him as counsel to inquire into the pending matter. The subsequent letter sent to the Masons from Mr. Fransen stated that the Masons had a malpractice claim against the Appellees. Mr. Fransen was aware that malpractice had occurred and his knowledge is imputed to [14the Masons. Thus, the Masons had knowledge of the malpractice, and it is irrelevant that the Appellees failed until April 2010, to inform the Masons that they could contact their malpractice carrier. The Masons, as reasonable persons, knew or should have known that malpractice had occurred.
The Masons cannot succeed on their legal malpractice claim because they failed to meet the burden of proof that they did not know or should have known malpractice occurred in or around 2008. The Masons attempted to file suit years after their claim had prescribed alleging lack of knowledge. They were aware they had a cause of action when Mr. Fransen informed them that they had a claim against the Appellees in 2008, and they had knowledge of the malpractice, and though they suffered harm by losing their initial insurance claim against AAA, the failure of the Appellees to inform them of their mistakes or lack of productivity did not delay the Masons’ acquisition of knowledge of the possible malpractice.
DECREE
For the foregoing reasons, the judgment of the district court is affirmed.
AFFIRMED